## LEONARD VS. BURGESS.

It is a general rule that the grant of a reversion by a lessor, carries with it the entire rent which may afterwards become due by the terms of the lease.

But the grantor may sever the rent from the reversion, by granting the land with a reservation of the rent; or by assigning the rent and either retaining the reversion himself, or conveying it to a third party who has knowledge of such assignment.

If the grantee of the reversion takes without knowledge of any severance of the rent, he would perhaps not be bound by it. Per COLE, J.

A, being part owner of the fee of leased land, gave an order on the lessee for a certain sum, to be paid out of rent afterwards to become due, which the lessee accepted. Afterwards, before the rent became due, A conveyed his reversionary interest to B, who took with the knowledge of said order. *Held*, that B was not entitled to the entire rent which became due after he took his conveyance, but the lessee was liable to the payee of the order for so much of the rent as was necessary to pay the same.

A written assignment by A to B of the entire rent, made at the time he conveyed the reversion, could not affect the previous assignment of the rent by the making and acceptance of said order.

APPEAL from the Circuit Court for *Rock* County.

This was an action upon the defendant's acceptance of an order drawn by A. Hyatt Smith for $241.55, to be paid by the defendant out of moneys which should become due from him to said Smith as the rent of certain premises. The defense was, in substance, that Smith had conveyed his interest in said premises to one Myers before any rent became due, and had also, by an instrument in writing, assigned to Myers the whole of the rent which was to become due after the date of such conveyance, and that the defendant had paid the whole of

such rent to Myers. The facts are stated more fully by the court. Verdict and judgment for the plaintiff.

*Sloan, Patten & Bailey,* for appellant, cited 1 Hilliard on Real Prop., 242, § 38 ; *Burden vs. Thayer,* 3 Met., 76 ; 17 Mass., 439 ; 14 Barb., 654 ; 8 Cow., 206.

*H. K. Whiton,* for respondent.

*By the Court,* COLE, J. As a general proposition it is undoubtedly true, that the grant of a reversion carries with it the rent due and accruing thereafter by the terms of the lease. The rent is usually considered merely as an incident to the reversion and passing with it as a part of the realty, when the grant is unqualified; and whoever owns the reversion when the rent falls due, is entitled to receive the entire sum. This doctrine is very well settled, and is elementary. Sometimes the reversion descends to the several heirs, or the lessor grants a part of the lands to one person, or the whole to several persons, and thereby the necessity for an apportionment of the rent between different owners arises. See cases cited in the notes, 1. Washb. Real Property, p. 337. But still there would seem to be no difficulty, in principle or reason, in separating the rent from the reversion by granting the land and reserving the rent, or by granting the rent and retaining the reversion ; and the authorities fully recognize and give effect to such alienations. *Crosby v. Loop,* 13 Ill., 625 ; *Van Rensselaer v. Hays,* 19 N. Y., 68 ; *McMurphy v. Minot,* 4 N. H., 251 ; *Willard v. Tillman,* 2 Hill, 274 ; *Kendall v Carland,* 5 Cushing, 74 ; *Childs v. Clark,* 3 Barb. Ch., 52. These authorities conclusively show that rent is not inseparable from the reversion, but that it may be severed and granted to one person while the reversion is conveyed to another. The question then arises, Was that done in this case ? If this question is answered in the affirmative, it disposes of all that is material to be considered on this appeal. Does then the evidence show

that the rent was severed from the reversion, and assigned to pay the order sued on ? We think it does.

It appears from the case, that in December, 1854, Peter Myers owned an undivided half, and A. Hyatt Smith and the appellant each owned an undivided quarter, of a tavern stand, as tenants in common. At this time Smith and Myers leased their interests to the appellant for the term of two years, at an annual rent, for the whole premises, of $1,000, payable at the end of each year. In May, 1855, Smith drew his order, the one sued on, on *Burgess* in favor of Leonard & Tiernay, or bearer, for $241.55, requesting him to pay the order and charge the same to the account of rent as it should become due. This order was presented to the appellant, and accepted by him, although the rent to pay the same was not due. In August, 1856, Smith conveyed his interest in the property to Myers, who now claims three-quarters of the rent falling due in December, 1856.

Now we are of the opinion that Smith, by giving his order for the rent, made a separation of it from the reversion, and assigned it to the holder of the order to the amount thereof. Such, it seems to us, is the effect which must be given to the transaction. It was an assignment by Smith of the rent to become due. The giving the order and the acceptance of it by the tenant was a severance of the rent from the reversion, and it thereafter became the duty of the tenant to pay the rent to the holder of the order until it was discharged. If the grantee of the reversion had had no knowledge that there had been a severance of the rent, he might not, perhaps, have been bound by it. But we are satisfied that he took the reversion with full notice of this fact. Smith himself testifies, that at the time he conveyed the property to Myers he informed him of this order. He further says, in substance, that it was expressly understood between him and Myers that the order was to be paid out of the accruing rent, and that the remainder of the rent should go with the reversion. Myers contradicts

Smith in his last statement, and says that he had a written contract from Smith assigning him all the rent to become due. He does not however deny that he had notice of the order. And if he had that notice, it is quite immaterial whether he took a written contract from Smith assigning him the rent; because Smith had already assigned it to another. So that the grantee of the reversion had no right to compel the appellant, under the circumstances, to pay the rent to him; and he should not have paid it. Of course, if the rent had not been separated from the reversion, the relation of the parties would be materially different. Then the grantee would have a right to receive the rent, and the tenant could not resist his claim. But now it is otherwise. The tenant knew of the severance and assignment of the rent by the order. He accepted the order, agreeing to pay the rent to the holder as it became due. He cannot now be relieved from the liability.

It is not considered necessary to notice in detail the exceptions taken to the rulings of the court on the trial, or to the instructions given the jury. If there were any errors committed, they become quite immaterial in the view taken of the cause. The appellant could not have been prejudiced by them. We are satisfied that substantial justice was done and the judgment of the circuit court must be affirmed.

Judgment affirmed.