CHARLES F. GRUNDIN *vs.* ANDREW J. CARTER.

A lessee for years, who had underlet parts of the leased premises, and then had suffered his landlord to obtain judgment against him for possession, and possession to be delivered under the judgment, and had surrendered and cancelled his lease, assented in writing to a subsequent assignment of one of the underleases by the undertenant. *Held,* that he could not maintain an action against the assignee for the subsequent " use and occupat: n of the premises according to the terms of the covenants of said [under] lease; " although the object of all the proceedings concerning the judgment and possession obtained by the landlord, and of the surrender and cancelling of the original lease, was merely to eject an objectionable undertenant of another part of the premises; and although the landlord suffered the plaintiff to remain in occupation of part of them.

CONTRACT.   At the trial in the superior court, before *Brigham,* J., without a jury, the judge ruled that the plaintiff could

not recover on facts which are stated in the opinion; and found for the defendant. The plaintiff alleged exceptions.

*H. W. Bragg*, for the plaintiff.

*W. S. Stearns*, for the defendant.

HOAR, J. This is an action of contract by a lessor, against the assignee of his lessee, to recover an instalment of the rent reserved in the lease. The declaration sets forth the lease by the plaintiff to Russell and Batcheller, the assignment by them to the defendant, and the assent of the plaintiff thereto in writing indorsed thereon; and avers that the defendant owes the plaintiff $83.33 " for the use and occupation of the premises according to the terms of the covenants of said lease." This sum is one month's rent of the premises demised, which became due, according to the terms of the lease, on the first day of May 1866. The lease, assignment and possession of the demised premises would make a *primâ facie* case in favor of the plaintiff.

The right of a lessor to demand and receive rent from the assignee of the lessee is not a right founded on privity of contract, but on privity of estate. To support it, there must be, not an underletting, but an assignment of the whole estate of the lessee; and then the covenant to pay rent is a covenant which runs with the land. But, as the rent is an incident of the reversion, if the lessor assigns or otherwise conveys his reversion, he cannot have any claim for rent subsequently accruing; but the right to the rent is transferred to his assignee. 1 Saund. 241, note. The assignee of the lessee is only answerable upon the covenants in the lease while he *is* assignee; and the lessor can only enforce them against him while he continues to own the reversion. Though the tenant or his assigns cannot deny his landlord's title under which the demise was made, yet he may show that it has terminated, been transferred or otherwise extinguished. *Jackson* v. *Davis*, 5 Cowen, 123, 135. *Armstrong* v. *Wheeler*, 9 Cowen 88. *Taylor* v. *Shum*, 1 B. & P. 21. *Birch* v. *Wright*, 1 T. R. 378. *Burden* v. *Thayer*, 3 Met. 76.

In applying these principles to the facts set forth in the bill of exceptions, we find that the plaintiff made the lease to Russell

and Batcheller on the 1st of September 1865 ; that the premises thereby demised were a part of an estate which the plaintiff then held as lessee for years under Aaron H. Allen, which had been leased by Allen to him for a term ending July 1, 1868; that in March 1866 Allen obtained judgment against him for possession of them, and had possession delivered to him under the judgment; and that the plaintiff then surrendered his lease to Allen, and it was cancelled. The object which the parties had in view, to enable Allen to eject from the premises an objectionable person, to whom the plaintiff had underlet a part of the premises, does not seem to be material to the effect of these proceedings upon the title. On the 1st of April 1866, therefore, the plaintiff's whole interest in the premises had vested in Allen, and his rights as the lessor of Russell & Batcheller were extinguished, or surrendered and transferred to Allen. If tne assignment of the lease by Russell & Batcheller to the defendant on the 2d of April 1866 was of any validity, the defendant's obligation under it was to Allen, and not to the plaintiff, whose estate was wholly gone. The plaintiff's assent in writing to the assignment did not make him the defendant's lessor, or create any duty toward him on the defendant's part. Nor did the fact that Allen allowed the plaintiff to remain in occupation of a part of the premises included in the cancelled lease give him any rights in the part embraced in the lease which was assigned to the defendant.

The plaintiff's right to the rent having wholly ceased, the defendant was not liable to him " for the use and occupation of the premises according to the terms of the covenants of said lease." This makes it unnecessary to consider the further objection to the maintenance of the action, that the defendant was evicted from a part of the demised premises, during the term assigned to him, by Allen with the consent of the plaintiff. *Leishman* v. *White*, 1 Allen, 489.

The ruling at the trial in favor of the defendant was right, and the judgment must be            *Exceptions overruled.*