Carter *v.* Russell & another.

---

ADOLPHUS J. CARTER *vs.* IRA RUSSELL & another.

The undertenant of a lessee assigned his interest to a third party.  At the time of the assignment the lessor had recovered possession of the premises on an execution against the lessee, and had put O. into possession of part of them as tenant at will.  *Held*, that the assignment was void, and was not made good by an oral assent of the lessor thereto, given after O. had been put into possession; and that it was immaterial under what motive or understanding between the lessor and lessee the judgment for possession was obtained.

CONTRACT, with a count in tort, to recover the amount of two promissory notes, which were given to the defendants by the plaintiff under a contract of tenancy rescinded, and were negotiated by the defendants to third parties to whom the plaintiff was obliged to pay them.

At the trial in this court, before *Foster*, J., the following facts appeared:

Aaron H. Allen owned a three story building in Charlestown, and had leased the upper story to Charles F. Grundin, by written lease, and had also leased the two other stories to Grundin, but whether by written lease or not did not appear.

In September 1865, Grundin leased the second story of the building to the defendants for five years, by a written lease. There was evidence tending to show that Allen knew of this lease to the defendants, and that he had assented thereto, but not in writing.

On March 23, 1866, Allen recovered judgment for his title and possession of all the premises, in a suit brought by him against Grundin; on March 26 execution was duly issued upon the judgment, and duly served by causing Allen to have possession of the premises; and on April 1 Allen leased to John Odell a portion of the premises embraced in the lease from Grundin to the defendants, and Odell immediately entered upon and continued to occupy the portion so leased to him by Allen. On April 2 the defendants executed to the plaintiff an assignment of their lease, and received from him the two promissory notes. This assignment was approved by Grundin, in writing.

The defendants offered evidence tending to show that on the day before they assigned their lease to the plaintiff they went to Allen and informed him that they desired to assign their lease ʋɔ the plaintiff, and that Allen assented thereto; and there was also evidence tending to show that the suit for possession was brought by agreement between Allen and Grundin for the purpose of ousting another undertenant of Grundin, and that the defendants were ignorant of the suit for possession.

The plaintiff made no use of the premises, but, at the expiration of two or three weeks, he discovered the fact of Odell's occupancy, and fastened the outer door of the second story. Allen, being informed of this by Odell, forcibly opened the door, so as to give Odell access to the apartment occupied by him. The plaintiff then ascertained the facts, above recited, of the

judgment, execution, and service of the execution, and immediately undertook to rescind his contract with the defendants, demanded from them his promissory notes, and abandoned the premises. The defendants took no notice of the plaintiff's demand, and the premises remained in the same condition until the 3d of June following, when they were destroyed by fire.

It appeared further that the defendants negotiated the notes to third parties, without notice, before the demand made by the plaintiff, and that the plaintiff was compelled to pay them with interest.

The defendants requested the judge to rule that, " if Allen at any time consented to a transfer of the lease from Grundin to the defendants, and from the defendants to the plaintiff, and under such assent the defendants made the assignment to the plaintiff, Allen then knowing the fact of the termination of the defendants' title, and that the plaintiff and defendants were ignorant of that fact, then the assignment of the lease created an estate in the plaintiff, for the remainder of the term, against Allen and any one holding under him, and such assignment at the plaintiff's option terminated Odell's tenancy."

But the judge declined so to rule, and did rule that " upon the law and the evidence in the case the jury would not be warranted in finding a verdict in favor of the defendants upon the ground assumed by the defendants' prayer for instructions," and also ruled that, " if, at the date of the assignment of the lease to the plaintiff, Allen had been put in possession of the premises under a judgment against Grundin, and had let Odell into possession of a part of the premises as tenant to himself, and Odell was then in occupation claiming to hold under Allen, then nothing passed by the assignment."

The questions raised by the foregoing instructions given and refused were the only matters in controversy between the parties.

The jury returned a verdict for the plaintiff, and the judge reported the case for the determination of the full court.

*T. H. Sweetser & H. W. Bragg,* for the defendants.

*W. S. Stearns,* for the plaintiff.

COLT, J. The ruling asked for proceeds upon the theory that the plaintiff, as assignee of Grundin's lease to the defendants, was entitled to the possession of the leased premises during the remainder of the term, by force of the alleged oral assent of Allen to the assignment.

Without considering the point much discussed at the hearing, whether this would be true as against Allen, if he was the only party interested, on the ground of estoppel or otherwise, it is a sufficient answer to the defendants that Odell had acquired, prior to the alleged consent and assignment, a right by lease to a portion of the same premises, and had immediately entered into possession. At the time of said assignment, the title of the defendants in the premises had terminated, and was vested in Allen except so far as Odell had acquired title as lessee to a portion, and there was nothing to pass. It does not appear whether the lease to Odell was verbal or in writing, and it is of no consequence, for, even if verbal, and he was only tenant at will, yet his right to possession could not be terminated by any verbal declaration of Allen, operating by estoppel only upon his own interest. Estoppels only bind parties and privies, and Odell's interest is not to be affected by declarations of this description made after it was acquired. The case finds that the lease to Odell was on the 1st of April, and that he immediately entered into possession. The assignment to the plaintiff was on the 2d of April, and although the assent of Allen is stated to have been on the day previous, yet, as we must construe the report, it was at a time subsequent to the lease to Odell.

Under the ruling of the court, it is found that, at the time of the assignment, Allen, the original lessor, was in possession of the premises under a judgment against Grundin, and that Odell was tenant of a part under him. It is not material in its effect upon these proceedings what the motive or understanding was under which this judgment was obtained, and there is no error in the ruling that nothing passed by the assignment. *Grundin v. Carter,* 99 Mass. 15                    *Judgment on the verdict.*