# CASES DETERMINED

AT THE

## January Term, 1888.

---

EVANS, Assignee, etc., Respondent, vs. ENLOE and others, Appellants.

*September 1, 1887 — January 10, 1888.*

*(1) Estates of decedents: Vendor's lien. (2–4) Landlord and tenant: Disclaimer of tenancy: Ejectment: Damages: Assignment by lessor.*

1. A vendor's lien is a mere chose in action, and goes by succession to the personal representatives, not to the heirs.
2. Where tenants have denied their landlord's right to possession or to any rent, and claim to hold adversely to him, he may maintain ejectment without giving any notice to terminate the tenancy.
3. In such a case the court found that the defendants wrongfully withheld the possession from a time prior to their disclaimer of tenancy, and awarded damages accordingly. The defendants had had the use of the land during all that time, and in their answer had denied that the plaintiff had any title. *Held*, that the defendants could not properly claim that the damages were excessive on the ground that until the disclaimer they were tenants of the plaintiff.
4. Where the lessor of land assigns during the term, the lessee, or those claiming under him, become the tenants of the assignee, and a disclaimer of his title has the same effect as a disclaimer of the title of the original lessor.

APPEAL from the Circuit Court for *Rock* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This is an action of ejectment [commenced August 25,

1884] to recover 220 acres of land described. The com-plaint is in the statutory form. At first the answer was merely a general denial. Upon the trial of that issue, there was a verdict and judgment in favor of the plaintiff for the ejectment of the defendants and six cents damages and costs. That judgment was affirmed by this court. 64 Wis. 671. The defendants thereupon paid the costs, and gave the requisite bond for a new trial under the statutes; and thereupon amended their answer by way of equitable counterclaims, to the effect that they claimed the premises in question as heirs at law and widow of Enoch Enloe, who died April 1, 1884; that the deed of said premises executed by Enoch Enloe and wife, and delivered to said Hodges, January 11, 1872, and the bond back, mentioned in the case cited, constituted an equitable mortgage; that it was agreed at the time of making said deed and bond that said Enoch should remain in possession until the $7,000 therein mentioned should be fully paid by said Hodges; that a large portion thereof had never been paid; that no settlement or accounting had been had; and that no demand for possession had been made.

The plaintiff, replying, denied certain allegations of the counterclaims; and among other things, in effect, alleged that said deed was a warranty deed and purported to con-vey 300 acres of land; that at the time it was made, and without the knowledge of said Hodges, one Francis M. Enloe, one of said heirs, was in possession of eighty acres thereof under a contract of purchase from said Enoch upon which he had paid $1,000 and was to pay $1,450 more; that at the same time the legal title to the 220 acres was, without the knowledge of said Hodges, in one Kemler to secure certain debts owing to him from said Enoch, which Hodges under said bond paid and then took a conveyance thereof from Kemler; that the $7,000 agreed to be paid by Hodges was the full agreed value and purchase price of the whole 300

acres; that, in pursuance of said bond, Hodges had paid over $6,000 of debts of said Enoch, including his own; that there was no agreement between said Enoch and Hodges except such as were expressed in said warranty deed and bond; that, as expressed in the bond, said Enoch had the right to remain in possession until January 11, 1873, and no longer; that he remained in possession thereafter as tenant under an agreement to pay rent to Hodges and the taxes; that he never paid any rent and only a portion of the taxes.

The parties waived a jury, and the whole cause was tried by the court; and upon such trial it was found, in effect: (1) That the plaintiff had been continuously the owner in fee simple absolute and entitled to the possession ever since February 11, 1884; (2) that at said last-mentioned date the defendants were and ever since had been in the wrongful possession, and unlawfully withheld the same from the plaintiff; (3) that by reason thereof the plaintiff had sustained damages in the sum of $1,050; (4) that there was no evidence that said warranty deed and bond, or either of them, were or constituted an equitable mortgage, or were made for any other purpose than expressed therein, or that there was any agreement or understanding to change or in any way vary said instruments or the effect thereof, or that they were intended to secure the repayment of money loaned by Hodges to said Enoch, but, on the contrary, the court finds that said transactions constituted and were an absolute sale and conveyance of said premises by said Enoch and wife to said Hodges; (5) that there is no evidence of any understanding between them that said Enoch should remain in possession of said premises, or any part thereof, until the purchase money thereof was fully paid.

And, as conclusions of law, the court finds that the plaintiff is entitled to judgment; that he is the owner of the premises described in the complaint in fee simple absolute, and entitled to recover the possession thereof in this action

from the defendants and each of them, together with damages for the unlawful detention thereof in the sum of $1,050, besides the costs of this action, and judgment is ordered accordingly. From the judgment entered thereon the defendant appeals.

The cause was submitted for the appellants on the brief of *Bushnell & Watkins,* and for the respondent on briefs by *Carter & Cleary.*

The following opinion was filed November 1, 1887:

CASSODAY, J. We are all agreed that the findings of the trial court are sustained by the evidence. This being so, the right of the defendants to the possession of the land in question depends upon the legal effect of the warranty deed from Enoch Enloe and wife to Hodges, and the bond given back by Hodges to Enloe in regard to the possession for a year, and the payment of the purchase price. Such effect is fully stated in the opinion on the former appeal, and need not be here repeated. 64 Wis. 673. Manifestly, it was an absolute purchase, as held by the trial court, and not an equitable mortgage. In construing those papers in that opinion it was said: " The farm was absolutely sold and conveyed, with the possession reserved 'until one year from' the date of the deed and bond. This is the only reservation or restriction upon the possession. This being so, at the end of the year the right to the possession followed the legal title, and hence went presumptively to Hodges, and from him to the plaintiff." Page 675. This rule is applicable now as well as then.

On that appeal, the defendants claimed to be entitled to the possession on the ground that Enoch Enloe had a vendor's lien for an unpaid balance of the purchase price. But the question was not considered, much less determined, because it was not within the issues and had never been tried. Assuming that it is now properly presented, and that such

lien survived the death of Enoch Enloe, yet, since it was a mere chose in action, it would necessarily go by succession to his executor or administrator, and not to his heirs or widow, as such, which is the attitude of these defendants. This has, in effect, been repeatedly decided by this court. Besides, the mere right to enforce such a lien in equity would seem to give no right to the possession of the land in ejectment. But the unanswerable objection to any such claim is the absence of any evidence of any such unpaid balance. This disposes of the equitable counterclaims interposed.

True, as now claimed by the defendants, it appears, on the plaintiff's own showing, that Enoch Enloe remained in possession of the land from January 11, 1873, to the time of his death, as tenant of Hodges, under an agreement to pay rent and taxes. Such tenancy, it is said, "was at least from year to year." Whether such mere tenancy, on the death of Enoch Enloe, passed to his executors, administrators, or to his heirs at law under our statute, is unnecessary here to determine. It sufficiently appears from testimony on the part of the defendants that, prior to the commencement of this action, they denied the plaintiff's right to the possession of the premises or any rent therefor, on the ground that such possession and use belonged to the widow. This was such a disclaimer of the relation of landlord and tenant as authorized ejectment without further notice. *Grubb v. Grubb*, 10 Barn. & C. 816; *Davies v. Evans*, 9 Mees. & W. 48; *Phillips v. Rollings*, 56 Eng. C. L. 188; *Vivian v. Moat*, L. R. 16 Ch. Div. 730; *Willison v. Watkins*, 3 Pet. 43; *Peyton v. Stith*, 5 Pet. 491.

Error is assigned because the court found the possession of the defendants to be wrongful from February 11, 1884, which included a few months prior to such disclaimer. There can be no question but what they had the rents, issues, and profits arising from the premises during the crop-

ping seasons of 1884, 1885, and 1886, inclusive. On the commencement of this action, the defendants by answer denied any and all title in the plaintiff. For more than three years they have resisted the ejectment on that and other grounds. Such disclaimers are sufficient to estop the defendants from now reducing the amount of actual damages sustained, upon a ground never pleaded, and merely because a few months of their occupancy was as tenants, and hence not wrongful. We cannot say from the evidence that the amount of damages found was excessive.

*By the Court.*— The judgment of the circuit court is affirmed.

The appellants moved for a rehearing. The following opinion was filed January 10, 1888:

CASSODAY, J. The plaintiff's title was conclusively established. This carried with it the right to the possession, unless defeated by some agreement or special circumstances. The several defenses and equitable counterclaims set up in the answer were each disproved or failed for want of proof. True, as stated in the opinions filed, it appears on the plaintiff's own showing that Enoch Enloe remained in possession as tenant of Hodges after January 11, 1873. The defendants, in their answer, claim the right to remain in such possession, as against the plaintiff's legal title, by vir·tue of being heirs or widow of Enoch. There is evidence tending to show that the defendant *William Enloe* took the land to work on shares from his father the fall before he died. Assuming this to be so, it is very certain that he thereby acquired no better right to the possession of the land than his father had. That right, under the evidence, was subject and subordinate to such legal title in the plaintiff. That right and title *William* disclaimed. "But," it is now said, " *William could not* disclaim *Evans'* title *as land-*

*lord of Enoch* or his personal representatives, because *he* was not *Evans'* tenant. *Evans* had no right to collect the rent he had agreed to pay. *William* could not renounce a character he never had." We do not understand this, however, to be the law. On the contrary, the deed and assignment from Hodges to the plaintiff, under our statutes, put the plaintiff in the same position, and gave him "the same remedies, by entry, action, or otherwise, for the nonperformance of any agreement contained in the lease so assigned, or for the recovery of any rent, or for the doing of any waste, or other cause of forfeiture," as Hodges "had, or might have had if such reversion had remained in" him. Sec. 2194, R. S.; *Webb v. Seekins*, 62 Wis. 29. Under this statute, no attornment is necessary as at common law. *Winterfield v. Stauss*, 24 Wis. 403. "It is a general rule that the grant of the reversion by a lessor carries with it the entire rent which may afterwards become due by the terms of the lease." *Leonard v. Burgess*, 16 Wis. 41. So, under our statute, any right that Enoch had in the premises, as tenant of Hodges, either passed to the defendant *William*, as assignee or subtenant, or to Enoch's "personal representatives." Sec. 2195, R. S. The provisions of both of these sections "extend as well *to grants* or leases in fee reserving rents, as to leases for life or for years." *Ibid.; Webb v. Seekins, supra.* Such being the law, it cannot be successfully claimed that *William's* disclaimer was ineffectual as against him and those claiming in privity with him, even had the answer set up the right to possession by reason of such tenancy, or as personal representatives; but no such defense was ever alleged, and it is now too late to make it available.

*By the Court.*— The motion for a reargument is denied, with $25 costs.