[Argued July 11, 1893; decided July 24, 1893.]

## WEST SHORE MILLS CO. *v.* EDWARDS.

[S. C. 33 Pac. Rep. 987.]

1. LANDLORD AND TENANT — CONVEYANCE OF LEASED PREMISES — ASSIGNMENT OF RENT.— An owner or lessor of premises who conveys them without reservation of the rent, has no claim to the rent subsequently accruing, unless such rent has been assigned to him by the grantee.

2. LANDLORD AND TENANT — ESTOPPEL.— A tenant is not estopped from asserting that since his entry into possession, the lessor's title has expired by his conveyance of the property to another.

Yamhill County: GEO. H. BURNETT, Judge.

This is a suit to foreclose a landlord's lien for rent. The facts show that on and prior to the first day of Octobe, 1890, the West Shore Mills Company was the owner and in the possession of certain premises in Yamhill County, which, on or about that day, it leased to the de-

fendant M. M. Edwards for the crop year of 1891. The mills company, about the twenty-eighth of April, 1891, by its warranty deed duly executed and delivered, granted and conveyed the said premises to one T. S. McDaniel in fee simple, without any reservation whatever, and at the same time through J. C. Trullinger, its agent, entered into the following written agreement with said McDaniel:—

PORTLAND, Oregon, April 28, 1891.

In consideration of T. S. McDaniel purchasing my place near Newberg, Oregon, described in a certain deed given by the West Shore Mills Company to said McDaniel, I hereby represent and guarantee unto said McDaniel that the rent shall be one thousand bushels of A 1 clean wheat and five hundred bushels of A 1 clean oats, all delivered at the depot at Newberg, at threshing time in said year. And that in the matter of a hophouse, that said McDaniel is to pay for the material for a hophouse, and the tenant is to build said house at his (the tenant's) expense. And that the tenant is to leave the hops in good shape, and that said tenant is not to retain said place longer than the first of October, 1891, except by permission of said McDaniel.               J. C. TRULLINGER.

Witness: J. A. STRAIGHT.

I accept the place upon the above conditions.

T. S. McDANIEL.

The plaintiff alleges that defendant agreed to deliver to it one thousand bushels of wheat and five hundred bushels of oats, when harvested, as rent, which was, by agreement of the parties, made a lien upon all the grain raised upon said land; that defendant had raised thereon a crop of wheat and of oats in excess of the said quantities, but refused to deliver any of it to plaintiff. The defendant admitted the lease, but denied the material allegations of the complaint, and alleged that the rent reserved was one third of the crop raised, which he was ready and will-

ing to deliver; that plaintiff, since the execution of said deed, had no interest in said premises; that the crops were grown after the deed was executed; that it was agreed between plaintiff and McDaniel that the rent was payable to the latter, and that since the execution of said deed, and before the commencement of this suit, defendant had attorned to McDaniel. The reply put in issue the allegations of the answer, and the cause was referred to J. W. Hobbs, Esq., to take the testimony, and upon the report thereof the court rendered a decree dismissing the suit, from which the plaintiff appeals. Affirmed.

*J. E. Magers* (*Jas. McCain* on the brief), for Appellant.

*Ramsey & Fenton*, for Respondent.

MR. JUSTICE MOORE delivered the opinion of the court:

1. Whether the assignor of a reversion can recover rent accruing after the assignment, is the question presented by this appeal. Rent is a compensation for the use of lands demised, and is treated as a profit arising out of lands and tenements corporeal: Wood, Landlord and Tenant, § 448. It is reserved to be paid by the lessee, and is enforced by express covenant, or such covenant is implied from its reservation. The covenant to pay rent runs with the land, and passes with the assignment of the reversion to the assignee: Tiedeman, Real Property, § 182. The rent, in such cases, accrues to the holder of the reversion, by reason of his privity of estate with the lessor, and not as the assignee of a chose in action: 1 Washburn, Real Property, § 549. Rent grows out of the estate, and the enjoyment of it; and it is the privity of estate, rather than of contract, which connects the reversion with the rent. The contract only settles the amount of rent, and the terms of its payment: *Peck* v. *Northrop*, 17 Conn. 217. Unless specially reserved, rent follows the estate in reversion. It is an incident to the reversion,

though not inseparably so. The rent may be granted away, reserving the reversion, and the reversion may be granted away, reserving the rent by special words; but by a general grant of the reversion the rent will pass with it, as an incident thereto, though by grant of the rent generally the reversion will not pass: *Van Wicklen* v. *Paulson,* 14 Barb. 654. And, as the rent is an incident of the estate, if the lessor assigns the reversion without reservation, he cannot have any claim for rent subsequently accruing, since it is transferred to his assignee by the conveyance: *Grundin* v. *Carter,* 99 Mass. 15. When the plaintiff conveyed the reversion of the premises without any reservation, the rent thereafter accruing as an incident of the estate was granted to its assignee; and, as the rent in question accrued after the conveyance, it follows that plaintiff had no legal right thereto, or to prosecute this suit therefor, unless assigned to it by McDaniel. It was formerly held that the assignee of the rent without the assignment of the reversion, could not bring an action for it in his own name, but this doctrine has been overruled, and it is now held that when rent is assigned without the reversion, the assignee may sue the lessee for rent accruing after the assignment, because the privity of contract is transferred: *Hunt* v. *Thompson,* 2 Allen, 341. The agreement entered into between plaintiff and McDaniel does not purport to assign the rent to plaintiff, and, at most, it can only be considered as plaintiff's guaranty that the rents will amount to a given quantity, and shows, in connection with the evidence, that at the time the conveyance was made it was intended that McDaniel should receive the rents from defendant.

2. Appellant contends that defendant is estopped to deny his landlord's title. This, as an abstract proposition of law, is correct; but when plaintiff had conveyed the premises he was no longer the landlord, and it is now well settled that the tenant is not estopped to deny that since

his own entry into possession the lessor's title has expired, either by its own limitation, by act of the lessor, or by an eviction by a title paramount: *Hilbourn* v. *Fogg*, 99 Mass. 11; 2 Greenleaf, Evidence, § 305. And even an attornment to one having the legal title and right to the immediate possession, without actual eviction, could be set up by the lessee as a defense to a claim for rent by the original lessor, as that is equivalent to an eviction: *George* v. *Putney*, 4 Cush. 351; *Smith* v. *Shepard*, 15 Pick. 147 (25 Am. Dec. 432). It follows that plaintiff, by its deed without reservation, having granted to McDaniel the rents accruing to the leased premises as an incident of the estate, it has no legal right to bring this suit, and the decree dismissing it must be affirmed. AFFIRMED.