CASE 92—AGREED CASE—SEPTEMBER 24.

# Anderson v. Richards' Executors.

APPEAL FROM UNION CIRCUIT COURT.

1. DEVISE OF LEASED LANDS—TO WHOM RENTS SHOULD GO.—Where one leases land for a term and dies before the expiration of the term leaving a will disposing of the leased property, the rents accrued thereon prior to his death should go to his estate, and those accruing afterwards to the devisee; and the fact that no part of the rent was due under the terms of the lease at the time of his death does not change the rule.

ADAIR & MORTON FOR APPELLANT.

1. Rents accruing after the death of the testator vest in the devisee. In this case no part of the rent was due till after his death, and must be deemed to have accrued thereafter. (Ranck v. Hill's Adm'r, 8 Bush, 67; Ball v. First Nat. Bank, 80 Ky., 401; Cass v. Smith, Blair & Co., 7 Ky. Law Rep., 305.)

ALLEN & HUGHES FOR APPELLEES.

No brief in the record.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

W. G. Richards died the 11th day of November, 1892, having first made a will, which will was probated in December, 1892. By his will he devised 107 1-2 acres of land to the appellant, Maggie Anderson. The land was under rent for the year 1892, ending December 31, 1892.

The devise is to "Maggie Anderson, to ⸳⸳⸳⸳ and to hold to her, her heirs and assigns forever. But should she die

without issue of her body then living this legacy is to lapse, and said land is to vest in the sons of my deceased brother."

The appellant claims the rent due for the full year 1892, while the executor contends that the devisee is entitled only to rent from the death of the testator. An agreed statement was made and submitted for judgment in the court below, which court adjudged that the devisee was only entitled to rent from the death of the testator, and that the executor was entitled to the residue. To reverse that judgment this appeal is prosecuted.

The contention of appellant seems to be that, inasmuch as the rent was not due or the term ended at the date of the death of the testator that the whole of such rent must be deemed to have accrued after the death of the testator. We find that Mr. Webster defines accrue: "First, to increase; to augment. Secondly, to come to by way of increase; to arise or spring as a growth or result; to be added as increase, profit or damage, especially as the produce of money lent; interest accrued to principal."

It has been often decided by this court that the rent which accrued after the death of the owner of the real estate belonged of right to the heir or devisee, but we are not aware of any decision which sustains the contention of appellant. More than ten months of the rent of the land in question had accrued (whether due or not) before the death of the testator, and that rent so accrued was properly adjudged to the appellee and the residue to appellant.

Judgment affirmed.