LIGHTNER'S EX'X

*v.*

SPECK *et al.*

(*Supreme Court of Appeals of Virginia, Nov. 18, 1897.*)

[28 S. E. Rep. 326.]

**Executors and Administrators—Settlement of Estate—Rents Accruing after Intestate's Death.***

In a suit to settle a decedent's estate, it was error to adjudge the administrator entitled to recover rents accruing after intestate's death for a farm occupied by one of the parties, such rents belonging to the heirs, who asserted no claim thereto.

**Same—Same—Same—Improvements—Case at Bar.**

Where decedent allowed his son to plant an orchard and put other costly improvements on a farm as though it belonged to the son, it was inequitable, on settling decedent's estate, to charge the son with full rental value of the farm, and allow him to set off merely the cost of the trees and the planting thereof, without regard to their value when in full bearing, and the care and attention bestowed on them for years.

**Same—Same—Case at Bar.**

In a suit to settle a decedent's estate, one of decedent's sons filed a cross bill setting up a claim to a farm under a parol agreement with decedent, who had permitted him to take possession and make valuable improvements. The claim was not sustained, and cross complainant was charged with rent of the farm, and allowed a certain sum for improvements, the evidence as to the value thereof being unsatisfactory and conflicting: *held*, that the court should have dismissed the cross complaint without attempting to adjust the accounts between cross complainant and deceased, thereby leaving them where they had, by their manner of dealing, placed themselves.

*See monographic note on "Executors and Administrators," Va. Rep. Anno.

Appeal from circuit court, Augusta county.

Suit by W. T. Lightner and others against T. R. N. Speck, administrator of Alexander B. Lightner, deceased, and others, to settle the estate. Defendant John A. Lightner filed a cross bill, and from a decree confirming the report of a commissioner in chancery, refusing the relief demanded in said cross bill, the cross complainant appealed to the supreme court, which reversed the decree, and remanded the case for further proceedings. From a decree confirming the report of a commissioner ascertaining the indebtedness of said John A. Lightner to the estate, Mary S. Lightner, executrix of said John A., now deceased, appeals. Reversed.

*Patrick & Gordon,* for appellant.

*Bell, Cochran & Bumgardner,* for appellees.

CARDWELL, J., delivered the opinion of the court.

This case is a sequel to the case of Lightner v. Lightner (decided by this court at its November term, 1895) 23 S. E. 301.

Five of the heirs at law of A. B. Lightner, deceased, filed their bill in the circuit court of Augusta county against the widow, the two other heirs, and the personal representative of A. B. Lightner, deceased, for the purpose of having a settlement of the decedent's estate, and a division thereof among his heirs at law. It was then supposed that A. B. Lightner was possessed of a large estate at his death, and comparatively free from debt. Very soon, however, it was disclosed that, while the decedent owned considerable property, his estate was in fact insolvent. To the bill John A. Lightner, one of the defendants, filed his answer and cross bill setting up a claim to the Buffalo Branch farm in Augusta county under a parol agreement with his father, A. B. Lightner, in 1886 ; the claim of John A. Lightner being that his father had agreed with him

that he was to have this farm upon paying to him (A. B. Lightner) the sum of $3,500, the farm being valued at $9,000 ; that, pursuant to this parol agreement, he (John A. Lightner) had held possession of the farm as his own, and made costly and permanent improvements thereon, etc.   To the cross bill of John A. Lightner the other children of A. B. Lightner, deceased, except Charles A. Lightner, made answer, denying in general terms the right of John A. Lightner to the Buffalo Branch farm under the alleged parol agreement.

The cause having been referred to J. W. G. Smith, one of the commissioners of the circuit court of Augusta county, to make the usual inquiries, and to state the necessary accounts in such cases, this commissioner made report to the court at the April term, 1894, adversely to the claim set up by John A. Lightner to the Buffalo Branch farm, and that he was in fact liable to the estate of A. B. Lightner, deceased, for rent of the farm from February, 1886, to February, 1895, but should be allowed compensation for the improvements put thereon ; and accordingly the commissioner stated an account in which he charged John A. Lightner with the rent of the farm from February, 1886, to February, 1895, at $350 per annum, aggregating $3,150, to be set off against the value of the permanent improvements to the farm allowed him, aggregating $3,495, leaving a balance due to John A. Lightner from the estate of A. B. Lightner, deceased, of $345, with interest thereon from November 10, 1892.

To the report the children of A. B. Lightner, deceased, other than Charles A. Lightner, excepted, because of the valuation by the commissioner of some of the improvements by John A. Lightner, and because, in the opinion of the exceptants, the annual rental value of the farm as fixed by the commissioner was too low.   John A. Lightner excepted, because the commissioner had reported that he was not entitled to the Buffalo Branch farm under his alleged parol agreement; had charged him (John A. Lightner) with the whole of the rent of

the farm in question as due to A. B. Lightner's estate since his death, when, from that time until dower was assigned, one-third of the rents were due to the widow of the decedent, viz. the rents from September, 1891 (death of decedent), to February, 1895 ; and had omitted to credit him (John A. Lightner) with taxes paid in 1892, and for certain grass seed or fertilizer used on the farm.

At the June term, 1894, the circuit court overruled the exception of John A. Lightner to the finding of Commissioner Smith that he was not entitled to the Buffalo Branch farm under his alleged parol agreement of purchase or gift, and confirmed the report in this respect, but recommitted it to Commissioner Joseph A. Waddell, who was directed, among other things, to restate all matters of account between John A. Lightner and the estate of A. B. Lightner, deceased, in conformity with the evidence then in the case, or that might thereafter be produced before him.

From so much of this decree as held that John A. Lightner was not entitled to the Buffalo Branch farm under his alleged parol contract of purchase or gift, John A. Lightner appealed to this court, and the decree in this respect was affirmed, and the cause remanded to the circuit court for further proceedings therein, etc.   Lightner v. Lightner, supra.

Commissioner Waddell made his report in the cause October 31, 1894, in which he, without any further evidence than that taken before Commissioner Smith, sustained John A. Lightner's exceptions to the latter's report, because he had charged the whole of the rent of the Buffalo Branch farm accruing after A. B. Lightner's death against John A. Lightner as being due to the estate of the decedent, when one-third was due, if at all, to the widow of the decedent ; and sustained also his exception because Commissioner Smith had omitted to credit John A. Lightner with certain taxes paid, and for grass seed or fertilizer used on the farm, but cut down the allowances made by Commissioner Smith to John A. Lightner for im-

provements put upon the farm from $3,496 to $1,424.43 ; and then, charging John A. Lightner with the rent of the farm for nine years, as had been done by Commissioner Smith, at $350 per annum, aggregating $3,150, including rent accrued after the death of A. B. Lightner, less one-third as due to his widow, John A. Lightner is brought in debt to the estate of A. B. Lightner, deceased, $1,326.96, with interest from November 10, 1892. This report was twice recommitted to Commissioner Waddell with instructions to reconsider the report in the light of any exceptions and of any additional evidence, and on May 7, 1897, the commissioner, without additional evidence, finally reported, in effect, that he adhered to his former report of October 31, 1894, as to John A. Lightner's indebtedness to the estate of A. B. Lightner, deceased.

To this report the executrix of John A. Lightner, then deceased, renewed the exceptions taken by him to the former reports of Commissioner Waddell, adding an exception to the consideration by the court in this cause of the question of rents and profits of the Buffalo Branch farm, or of the improvements made thereon by John A. Lightner, and further, because one-third of the costs of the suit had been charged to John A. Lightner.

It is from a decree of the circuit court confirming so much of Commissioner Waddell's report as ascertained John A. Lightner's indebtedness to the estate of A. B. Lightner, deceased, as before stated, and decreeing that T. R. N. Speck, administrator of A. B. Lightner, deceased, recover of Mary V. Lightner, executrix of John A. Lightner, now deceased, the sum of $1,326.96, with interest, as aforesaid, that the case is again appealed to this court by John A. Lightner's widow and executrix.

In the view that we take of the case, it is wholly unnecessary to discuss the remedies that were open to the personal representative of A. B. Lightner, deceased, or to his heirs at law,

for the recovery of any rents that might have been due from John A. Lightner for the Buffalo Branch farm. Upon the record presented, it was plainly error to decree in favor of the personal representative of A. B. Lightner, deceased, against John A. Lightner, or his executrix, for rent accrued after the death of A. B. Lightner. The rents, if any, accruing from John A. Lightner after the death of A. B. Lightner, belonging to the heirs at law of A. B. Lightner, deceased, and they are asserting no claim whatever thereto, and John A. Lightner has asserted no claim for improvements to the farm, but claims the farm itself. It is not enough to say that the heirs of A. B. Lightner, deceased, have, by their mere silence, assented to the rents being recovered by A. B. Lightner's personal representative for the benefit of the decedent's creditors.

Coming, then, to the account between John A. Lightner and his father, A. B. Lightner, deceased, as it stood, according to the respective reports of Commissioners Smith and Waddell, at the death of A. B. Lightner, leaving out of consideration any rents that may have accrued after his death, we find that, by the conclusions of Commissioner Smith, John A. Lightner owed to A. B. Lightner, at the time of the latter's death, $1,954.17 of rent for the Buffalo Branch farm, while John A. Lightner was entitled to have this sum set off against the gross sum of $3,496 for permanent improvements put upon the farm by him, whereby the estate of A. B. Lightner would have been indebted to John A. Lightner in the sum of $1,541.83 ; while Commissioner Waddell, upon the same evidence, finds that at the death of A. B. Lightner, John A. Lightner owed his father, A. B. Lightner, for rent of the farm, $1,954.17, and was only entitled to the sum of $1,424.13 for improvements, thus bringing John A. Lightner in debt to A. B. Lightner at the latter's death to the amount of $530.04.

If, therefore, it be conceded that the evidence in the case is sufficient to show that there was any contract, agreement, or understanding between A. B. Lightner and John A. Lightner

whereby the latter was to be liable to the former for rent of the Buffalo Branch farm after February, 1886, or that A. B. Lightner ever intended that his son should pay him rent for the farm, and so gave him to understand,—which is by no means clearly shown by the evidence,—it would be the merest conjecture as to which is right in their conclusions as to what John A. Lightner is entitled for the improvements put upon the farm, Commissioner Smith, or Commissioner Waddell. The evidence as to the value of these improvements is as conflicting as it could well be, and Commissioner Smith, before whom the witnesses testified, finds that the improvements upon the Buffalo Branch farm were worth in the aggregate more than twice as much as Commissioner Waddell puts them at, while they both agree as to the annual rental value of the farm.

As an illustration of the conflict of evidence as to the value of the improvements put upon the farm, some of the witnesses bear out the conclusion of Commissioner Waddell that an orchard of 520 trees in full bearing, planted and grown by John A. Lightner, was worth to the farm, as an improvement, only $156,—that is, 30 cents per tree; while others, of equal intelligence and business judgment, apparently, sustain the finding of Commissioner Smith that the orchard was worth to the farm $1,040, which is $2 per tree. The witnesses last referred to, says Commissioner Waddell, estimated the present value of the orchard, when what is desired is the cost of trees and cost of planting, etc. This view would seem clearly erroneous when it is remembered that the purpose of inquiry into the value of the improvements put upon the farm by John A. Lightner was to ascertain their value to the owner of the farm when John A. Lightner was required to give it up. It would be inequitable to allow John A. Lightner only the cost of the trees and of planting, leaving out of consideration their value when in full bearing, the occupancy of the land, the care and attention necessary to them for years, and at the same time require him to pay the full rental value of the farm through all of the time

from the planting of the orchard to the time the farm is taken from him.    Especially would this appear so in view of the fact that A. B. Lightner stood by for years, and allowed his son, John A. Lightner, to put costly improvements upon this farm, as though it was his own.

Under the circumstances surrounding these parties, and taking into consideration the unsatisfactory and conflicting character of the evidence, we are of opinion that the court below should have simply dismissed the cross bill of John A. Lightner filed in the cause, without attempting to adjust the accounts between him and A. B. Lightner, deceased, growing out of their transactions concerning the Buffalo Branch farm, thus leaving the parties where they had, by their manner of dealing, placed themselves.

The decree appealed from will therefore be reversed and annulled, with costs to appellant.

HARRISON and RIELY, JJ., absent.