JEREMIAH SHEA *vs.* FRANCIS A. McCAULIFF.

Worcester.    October 5, 1904. — October 20, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, & BRALEY, JJ.

*Landlord and Tenant.    Agency.*

While a lease to A. and B. was in force the lessor made a new lease to A. alone, for a longer term at an increased rent. In the new lease was a stipulation that all rents received on account of the first lease should be credited as part payment under the new lease. *Held,* that, even if the second lease operated as a grant of the reversion, the lessor reserved the right to the rent payable under the first lease and the obligation of A. and B. thereunder remained intact.

A. and B. were partners and as such held a lease. A. sold his interest in the partnership assets to B. and took from him a bond to save him harmless from any debts or liabilities of the late firm. While B. was in possession of the leased premises paying rent to the lessor, the lessor made a new lease to A. alone, for a longer term at an increased rent, with a stipulation that all rents received on account of the first lease should be credited as part payments under the second lease. After the execution of the new lease B. paid no rent to the lessor but paid rent to A. upon bills presented in A.'s name, and no demand for payment was made except by A. Later, before the expiration of the first lease, B. after notice to A. vacated the premises and refused to pay further rent. A. paid his rent under the new lease, and at the expiration of the term of the first lease sued B. on his bond for the amount of rent paid by A. which was due under the old lease from the time B. vacated the premises until the end of the term. A judge, sitting without a jury, found for the plaintiff. *Held,* that the finding was justified; that the second lease, whether a grant of the reversion or not, reserved the rent under the first lease, and, this being so, the judge might have found that A. in collecting the rent from B. in his own name in reality was acting as the agent of the lessor, and that in paying the rent under the second lease, after the default of B., A. was paying a debt of the late firm in discharging its obligations to the lessor under the first lease, which made B. liable on his bond.

CONTRACT on a bond by which the defendant agreed to indemnify the plaintiff and save him harmless from any debts, obligations or other liabilities of the late firm of F. A. McCauliff

and Company, of which the plaintiff had been a member, claiming $653.48 paid by the plaintiff as rent reserved under a lease from Dorothy S. Bailey and others to F. A. McCauliff and Company from October 1, 1900, to January 1, 1902, with interest.   Writ dated March 15, 1902.

, In the Superior Court the case was tried before *Fox*, J., without a jury.   He found the following facts:

Before July 12, 1897, the plaintiff and the defendant were copartners in the business of quarrying granite under the firm name of F. A. McCauliff and Company, and on that date the plaintiff sold his interest in the partnership assets to the defendant, and took from him the bond sued on.   At that time the plaintiff and the defendant held a lease from Bailey and others of the quarry property, calling for payments of $500 a year, payable quarterly.   This lease expired by its terms on January 1, 1902.   The defendant continued in possession of the premises, paying rent to the lessors, until April 1, 1899.   On March 1, 1899, the lessors made another lease covering these premises and other premises to the plaintiff for a term of seven years, upon the rental of $2,000 a year payable in monthly instalments. The lease contained this provision: " The above premises are subject to a lease given to Francis A. McCauliff and Jeremiah Shea, which expires January 1, 1902, and all rents received on account of said lease are to be credited as part payment under the terms of this lease."

The defendant continued to occupy the quarry until October 1, 1900, and after the execution of the new lease to the plaintiff paid to the plaintiff the rent reserved under the first lease, the bills being presented in the plaintiff's name.   In July, 1900, the defendant gave the plaintiff notice that he should vacate the premises on October 1 following, and did so.   No demand upon the defendant was made for the rent after October 1 except by the plaintiff.   After the execution of the lease of March 1, 1899, to the plaintiff, the plaintiff paid to Bailey the rent called for by that lease down to January 1, 1902, making no payments expressly on account of the old lease.   Before January 1, 1902, the plaintiff did not occupy the premises covered by the old lease unless such occupation is legally to be implied from his acceptance of the new lease, nor was there any evidence of any

waiver of his rights against the defendant, unless such waiver is to be found in the facts above stated.

The judge found for the plaintiff, and, with the consent of the parties, reported the case for determination by this court. If upon the facts found by the judge the plaintiff was entitled to recover, judgment was to be entered on the finding; otherwise, judgment was to be entered for the defendant, or such other order was to be made as justice might require.

*C. A. Babbitt*, for the plaintiff.

*J. H. McMahon*, for the defendant.

HAMMOND, J.   The lease to the plaintiff recites that it is subject to the prior lease to McCauliff and Shea, and provides that " all rents received on account of said lease are to be credited as part payment under the terms of this lease " [the lease to the plaintiff].   It is plain that the word "received" means received by the lessors, and the language fairly implies that the rent to accrue under the prior lease was to remain payable to them notwithstanding the second lease.   A lessor may assign the rent to become due upon a lease without granting the reversion, or he may grant the reversion and reserve the rent. *Hunt* v. *Thompson*, 2 Allen, 341.   *Leonard* v. *Burgess*, 16 Wis. 41.   Taylor, Land. & Ten. § 426, and cases cited.   Even if this second lease is to be taken as a grant of the reversion, the lessors still reserved the right to the rent payable under the first lease, or, in other words, they reserved the rent, and hence the obligation of F. A. McCauliff and Company to pay to them the rent remained intact.   In this respect this case differs materially from *Harmon* v. *Flanagan*, 123 Mass. 288, in which the rent was assigned with the reversion.

While, after the execution of the second lease McCauliff paid no rent to his lessors but paid rent only to the plaintiff upon bills presented in the plaintiff's name, and while after October 1, 1900, no demand for the rent was made upon McCauliff except by the plaintiff, yet, notwithstanding all this, the judge, in view of the fact of the reservation of the rent, may have found that in collecting the rent from McCauliff the plaintiff was in reality acting as the agent of the lessors, and also that, in paying to the lessors the sums which were payable under the first lease after the default of McCauliff, he was paying a debt

of the late firm of F. A. McCauliff and Company, and to that extent discharging its obligations to the lessors under the first lease. Such a finding brings the case within the condition of the bond.

*Judgment on the finding.*