JAMES MADEN *vs.* VICTORIA C. WOODMAN.

Middlesex. November 8, 1909. — February 23, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Evidence,* Best and secondary. *Landlord and Tenant,* Tenant's liability for rent.

The declaration in an action of contract alleged that one F. leased certain premises to the defendant, who covenanted in the lease with F. and his assigns to pay a certain rent monthly; that F. conveyed the premises to the plaintiff by a deed, a copy of which was annexed to the declaration and in which F. assigned his rights under the defendant's lease to the plaintiff; and that the defendant had failed to pay certain portions of the rent. At the trial, the plaintiff was the only witness and testified, among other things, without objection that he was the owner of the premises, that after he purchased them he collected rent from the defendant under the lease and that the defendant continued to occupy the premises until a day in May when he vacated them and had paid no rent since. The deed containing the assignment by F. to the plaintiff was not introduced in evidence. *Held,* that there was evidence which warranted a finding that the plaintiff was the owner of the reversion of the premises; and that as owner of the reversion he could maintain an action in his own name for the rent due under the lease.

MORTON, J. This case is here on the defendant's exceptions to the refusal of the presiding judge * to give certain rulings asked for, and to the order directing the jury to return a verdict for the plaintiff for the full amount claimed. The first instruction requested was "That upon all the evidence the plaintiff is not entitled to recover." At the argument before the full court all of the exceptions were waived except that to the refusal to give this instruction. We understand the waiver to include the exception to the order directing a verdict for the plaintiff, and are confirmed in this view by the fact that the question before the court is stated on the defendant's brief as follows: "The sole question to be determined in this case is: — Having de-

---

* *Hitchcock,* J.

clared upon a contract of lease for rent due thereunder, can the plaintiff recover without proving his connection with said contract of lease either by assignment to himself or otherwise ? " The defendant contends that the plaintiff offered no evidence to connect himself with the lease declared on; or, as stated in another place on his brief, the contention is that " The plaintiff has not proved any written assignment to himself nor any privity of contract between himself and the defendant." There is no contention or denial that if the plaintiff is entitled to recover anything he is not entitled to recover the whole amount claimed; nor is there any contention that the plaintiff did anything which operated as an abandonment or impairment of his rights if he had any under the lease. The plaintiff was the only witness and the defendant's whole contention is now, in substance and effect, that upon the plaintiff's evidence, assuming it to be true so far as material, he is not entitled to recover under the lease because no privity of contract between him and the defendant has been shown. As we understand the way in which the case was left, this is the only question which is now before us. No issue as to the credibility of the witness and no objection that the evidence was not submitted to the jury has been raised or argued.

The declaration alleges that certain persons as trustees of the Boston Finance Association executed to the defendant a lease, of which a copy is annexed, of the premises in question, for two years from August 15, 1906, and that thereafter said trustees conveyed said premises to the plaintiff by a conveyance of which a copy is also annexed to the declaration. From the copy of the deed which is annexed to the declaration it appears that the premises were conveyed "subject . . . to existing leases which are hereby assigned to the grantee." The lease was put in evidence, but the deed was not, so far as appears from the bill of exceptions. The plaintiff however was permitted to testify without objection that he was the owner of the premises and had owned them since June 30, 1906 ; that after he purchased the premises he collected rent from the defendant under the lease until May 9, 1908 ; and that the defendant continued to occupy them down to that time, and had paid no rent since. All of this evidence was uncontradicted, and it seems to have been assumed

by all parties that it was a correct statement of what had taken place. If true, as, according to our view of the case the parties assumed without question that it was, it showed that the plaintiff was the owner of the reversion, and as such it is plain that he could maintain an action in his own name to recover the rent due under the lease. *Burden* v. *Thayer*, 3 Met. 76. *Grundin* v. *Carter*, 99 Mass. 15. This being the only matter in controversy, and the facts being undisputed, it follows that the exceptions must be overruled.

*So ordered.*

*A. E. McCleary*, for the defendant.
*R. J. Cram*, (*F. M. Sawtell* with him,) for the plaintiff.