## WHEN RENTS PASS TO THE DEVISEE OF THE LEASED PREMISES.

Court of Appeals for Trumbull County.

WILLIAM H. LOVELESS V. THE ERIE RAILROAD COMPANY ET AL.

Decided, February 19, 1914.

*Devise—Where of Lands Under Lease, the Rents Belong to the Devisee —Landlord and Tenant.*

Rent accruing after the death of the testator, under a lease made by him, passes to the devisee of the premises leased, unless otherwise disposed of by the will, and if paid to the executor of the will, he becomes liable to the devisee for money had and received.

*D. J. Hartwell,* for plaintiff.
*Washington Hyde,* contra.

POLLOCK, J.; METCALFE, J., and NORRIS, J., concur.

Heard on appeal.

Plaintiff claims that he is the owner of about forty-three acres of land in this county; that under a grant made by Edward Moore, the then owner of this land, the Erie Railroad Company entered upon this land, erected a dam thereon, and are using water therefrom, the railroad company agreeing to pay therefor $100 per annum. Plaintiff claims this money by reason of the devise of this land to him by will of Edward Moore.

The plaintiff brought this action to recover from the railroad company the amount due under this contract after the property vested in him. He made Samuel Q. Marsh, executor of the will of Edward Moore, a party defendant with the railroad company.

The defendant railroad company by its answer alleges that it had paid the money claimed by plaintiff to its co-defendant, prior to the beginning of this action.

Samuel Q. Marsh, as executor of Edward Moore, answered admitting that he had received this money from the railroad company but alleged that both plaintiff and Frances Gleason claimed the money, and asked that Frances Gleason be made a party defendant.

Frances Gleason answered that she was the residuary legatee in the will of Edward Moore, and claimed the money by reason thereof.

Such proceedings were had that the money in the hands of Samuel Q. Marsh, executor, was paid into court, and the railroad company and Marsh were dismissed from the further proceedings in this case, leaving the plaintiff and Frances Gleason to contest the right to the money.

In 1903 Edward Moore was the owner of this forty-three acres of land; and prior to that time there had been a coal mine on adjoining lands, the water from this mine discharging through the entry was collected at the mouth of the entry by the railroad company and piped to its water tank.

After the railroad company had used this water for some time, a new opening near the lands of Moore was made into this mine which changed the course of the water and caused it to flow through this new opening on to the forty-three acre tract owned by Edward Moore.

The railroad company about 1903 then entered into a verbal contract with Edward Moore by which he granted to the railroad company the right to build a dam on his land, and force the water back through this new opening and cause it to flow through the old opening, and for this right the railroad company agreed to pay Edward Moore one hundred dollars per year.

Moore agreed to embody this verbal agreement in a letter directed to the company, which he afterwards did, and the letter was received by the railroad company. No other agreement was ever made between Moore and the railroad company, and the letter written by Moore was lost prior to the trial of this case in the court below. From the time this contract was made until the bringing of this action, the railroad company continued to use these premises under this contract, and until the death of Edward Moore paid him the contract price, and after his death it continued to pay to his executor.

The amount of money that accrued after the death of Edward Moore is claimed by both the plaintiff and Frances Gleason in this action, under the provisions of the will of Edward Moore.

Edward Moore died in March, 1909, leaving a will which was probated. By the third clause of this will he devised this forty-three acres of land to the plaintiff. Frances Gleason is the residuary legatee under the will of Edward Moore, and all the debts and special legacies of the estate have been paid.

The plaintiff claims that the money paid by the railroad company for the right to occupy the premises devised to him by the will of Edward Moore, and which accrued after the death of Moore, should go to him by reason of this devise; while Frances Gleason claims that the money paid by reason of this grant, whether it accrued after or before the death of Edward Moore, is part of his personal estate and should be collected by his legal representative and distributed to her as residuary legatee.

This brings us to the question whether rent paid as consideration for a grant or lease of real estate made in the life time of the testator, but which accrues after the death of the testator, goes to the devisee of the leased premises, or is an asset of the testator's estate.

Rent may be defined to be the consideration agreed to be paid by one party for the use and occupancy of the real estate of another. *Clark* v. *'Cobb,* 121 Cal., 600 (54 Pac., 74); *Fisk* v. *Brayman,* 21 R. I., 195 (42 Atl., 878).

The right to receive rent by one from another arises by privity of estate rather than by contract. A contract fixes the amount of land, and the terms of payment, and the manner of the use of the estate, but the right to recover the rent depends upon the ownership of the reversion. *West Shore Mills Co.* v. *Edwards,* 33 Pac., 987.

A transfer of the reversion, during the term of the lease, carries with it the right to the unearned- rent, and the transferee can prosecute an action for its recovery, unless it is specifically reserved. *Watson* v. *Penn, Guard.,* 8 N. E., 363; *Evans* v. *Enloe,* 36 N. W., 22; *1 Washburn on Real Property,* Section 699.

Rent accruing after the death of the testator under a lease made by him belongs to the devisee, unless specially excepted by the terms of the will. *American Law of Administration* (Woerner), Section 300; *Lightner* v. *Speck,* 28 S. E., 326; *Anderson* v. *Richards,* 37 S. W., 62.

Rent paid to the grantor under a lease made by him accrued after his conveyance of the real estate, if collected by the grantor can be recovered from him by the grantee as money had and received.

In the case of *Van. Wagner* v. *Van Nostrand,* 19 Iowa, 422, the court said:

"Unaccrued rent, under a lease existing at the date of a conveyance of the real estate, passes to the grantee, and he can collect it by .virtue of the grant; and' the grantor has no right to receive rent becoming due after such conveyance; but his liability to the grantee for such rents collected would be for money had and received, and not for a breach of the covenant."

Rent collected by an administrator or an executor which accrued after the death of the testator is held by him in trust for the heirs of the estate or the devisee, and they can recover from him. *1 Washburn on Real Property,* Section 699; *American Law of Administration* (Woerner), Section 513.

This grant by Edward Moore was not executed with the formalties required by the statute and did not provide the time for which it was to run. For these reasons Mrs. Gleason claims that the grant made by Edward Moore to the railroad company was a mere license to the railroad to go upon his land for the purpose of securing this water, and so long as he permitted it to use the land for this purpose he should be paid $100 per year.

The railroad company took possession of the land under this grant and all its terms were fully carried out and complied with by both the grantor and grantee during the life of Edward Moore. This created a tenancy at will which existed until the death of Edward Moore. It is true that on the death of the lessor the tenancy at will terminated, and it became a tenancy by sufferance. The only change this made in the rights of the parties was that the devisee would have a right to terminate the lease without giving the notice required by a tenancy at will, but his continuance of the lease by acquiescence in the lessor's possession and demanding the consideration converted it again into a tenancy at will.

But we need not further consider the rights of the devisee and the railroad company, after the vesting of the reversion in

these premises in the devisee, for the reason that no change in their relations could inure to the benefit of the estate of Edward Moore.

The devisee would have a right to all the rents which accrued after the death of Edward Moore, whether they arose from the grant made by Moore to the railroad from the new relations created after his death between the devisee and railroad company.

An order may be made directing the clerk to turn over the money now in the hands of the plaintiff, and a judgment entered against the defendant, Frances Gleason, for the costs.