### JAMES H. BEAL *vs.* BOSTON CAR SPRING COMPANY.

Suffolk.    March 20. — July 30, 1878.    AMES & MORTON, JJ., absent.

A lessor, who, in consideration of the assignment to him, by the lessee, of certain underleases of parts of the demised premises, accepts from the lessee a surrender of the original lease, " but without prejudice to the leases of parts of the premises assigned to him," may maintain an action against a sub-lessee for rent accruing after the assignment.

CONTRACT for rent due under a written lease made by Heyer Brothers to the defendant for the term of five years from April 1, 1874, and by Heyer Brothers assigned to the plaintiff.

At the trial in the Superior Court, before *Allen,* J., it appeared in evidence that the premises described in the lease of Heyer Brothers to the defendant constituted a part of the same prem-

ises which Heyer Brothers held under and by virtue of a lease to them for a term of ten years from April 1, 1874, made by the plaintiff, who was the owner of the premises ; that on February 7, 1877, when the plaintiff received the assignment from Heyer Brothers of their lease to the defendant, he executed upon the back of the original lease from himself to Heyer Brothers the following instrument : "Boston, February 7, 1877. The within-named lessor, in consideration of the assignment to him of certain underleases made by the within-named lessees of parts of the premises demised in the within lease, and of one dollar to him paid by the within-named lessees, doth hereby release and forever discharge the said lessees, their heirs, executors and administrators, of and from all claims, demands and causes of action of and concerning the within lease, and especially all claims by him for rent thereunder ; and said lessees do hereby surrender and yield up the said lease and the premises within described to said lessor, and such surrender is hereby accepted by him, but without prejudice to the leases of parts of the premises assigned to him as above mentioned." It further appeared that the terms of this instrument were carried out, and that Heyer Brothers ceased to occupy the premises.

The defendant offered to show that it had not been in the occupation of the premises since February 7. This evidence was objected to as being immaterial, and was excluded.

The defendant contended and asked the judge to rule that if, by the arrangement entered into between the plaintiff and Heyer Brothers, the original lease was on February 7, 1877, given up, discharged or vacated, and the tenancy of Heyer Brothers thereupon ceased, and the plaintiff resumed control of the premises, and Heyer Brothers at the same time assigned and transferred to the plaintiff the underlease before then held by the defendant from them ; and if the defendant, when informed of this, ceased to have anything further to do with the premises, and refused to recognize as longer subsisting or continuing in force the underlease given to them by Heyer Brothers, or to become liable to the plaintiff as assignee thereof in any way, the plaintiff could not maintain his action.

The judge refused so to rule, but ruled that the plaintiff was entitled to recover ; and directed the jury to return a verdict for the plaintiff. The defendant alleged exceptions.

*F. A. Brooks & A. S. Hall*, for the defendant.

*E. W. Hutchins*, for the plaintiff.

ENDICOTT, J. The plaintiff, being the owner of the estate, leased the same for the term of ten years to Heyer Brothers; and they, on the same day, leased a part of the premises to the defendant for a term of five years. It is to be inferred from the subsequent agreement between the plaintiff and Heyer Brothers that other underleases were made. Before the expiration of the underlease to the defendant, Heyer Brothers assigned it to the plaintiff; who at the same time indorsed on the original lease to Heyer Brothers an agreement releasing them from rent and accepting the surrender of their lease and the premises, " but without prejudice to the leases of parts of the premises assigned to him." This agreement was made in consideration of the assignment to the plaintiff of the underleases by Heyer Brothers.

The intention of the parties is plain. Heyer Brothers having made underleases of parts of the premises which the plaintiff was willing to take, and desiring also to surrender the reversion in these leases to the plaintiff, which he was willing to accept, the underleases were assigned, including the defendant's, and the surrender of the original lease accepted without prejudice to the underleases. They evidently did not intend that the rights of the plaintiff under the assignment, or the estates of the sub-lessees, should be destroyed by the surrender, for the language of the acceptance carefully provides for both. The purpose was to put the plaintiff precisely in the position of Heyer Brothers. This intention, as expressed in the papers they have executed, will be carried out, if consistent with the rules of law, and we are of opinion that it is.

The plaintiff brings this action, as assignee of the lease, to recover upon the defendant's covenant to pay rent; and it is well settled that when a lease is assigned without the reversion, the privity of contract is transferred, and the assignee may sue in his own name for the rent accruing after the assignment. *Kendall* v. *Carland*, 5 Cush. 74. *Hunt* v. *Thompson*, 2 Allen, 341. The only objection suggested to the plaintiff's right to recover is the surrender of the lease of Heyer Brothers to the plaintiff; and the claim is, that the rent due from the defendant is an incident of the reversion in Heyer Brothers, and, the reversion hav-

ing been extinguished by the surrender, all remedies incident to it are taken away. But rent is not necessarily an incident to the reversion, so that it cannot by the acts or agreements of the parties be separated from it. In a general grant of the reversion, the rent will pass as incident to it. *Burden* v. *Thayer*, 3 Met. 76. But the reversion may be granted and the rent reserved, or the rent may be assigned, reserving the reversion, if such is the intention of the parties as expressed in the words they use. Lord Coke says that fealty is an incident inseparably annexed to the reversion, and the donor or lessor cannot grant the reversion and save to himself the fealty; but the rent he may except, because the rent, though it be an incident, yet is not inseparably incident. Co. Lit. 143 *a*, 151 *b*. 3 Cruise Dig. 337· *Demarest* v. *Willard*, 8 Cow. 206. Heyer Brothers therefore could have granted their reversion, or surrendered it to the plaintiff and reserved the rent accruing upon the underleases. In such a case, their relations to the sub-lessees would not be changed by the grant or surrender of the reversion, and they could have recovered rent of this defendant upon the covenants of its lease. Having that estate reserved in the premises, they could have assigned it to a third party or to the plaintiff, and the assignment would have been good, and the defendant would have been bound to pay to the assignee rent for the estate held under its lease. This form of proceeding was not adopted by the parties, but the same result was accomplished. As the assignments were simultaneous with the surrender, Heyer Brothers did not in terms reserve the rent to themselves, but the plaintiff accepted the surrender in consideration of the assignment, with the express stipulation that it should not prejudice the underleases assigned to him; that is, should not invalidate the assignment, or affect the rights of the parties holding the leases.

The case is not presented, what would be the rights of Heyer Brothers against this defendant; or what would be the rights of the plaintiff, if he had not taken an assignment of the underleases, and had accepted a surrender without qualification. The two cases of *Grundin* v. *Carter*, 99 Mass. 15, and *Webb* v. *Russell*, 3 T. R. 393, relied on in support of the proposition of the defendant, have no application to the facts here presented.

*Exceptions overruled.*