SAMUEL G. DAMREN

*vs.*

AMERICAN · LIGHT AND POWER COMPANY.

SAME *vs.* SAME.

Androscoggin.   Opinion February 2, 1898.

*Rent.   Insolvency.   Assignment of Choses in Action.   R. S., c. 82, § 130.*

Rent in arrear is a chose in action and does not pass by a conveyance of the reversion.

An assignment of rent reserved under a lease gives the assignee an action in his own name only for rent subsequently accruing.

A conveyance of land by assignees in insolvency passes the title held by them at its date.

Under R. S., c. 82, § 130, an assignee of choses in action, not negotiable, may sue in his own name and recover the same, if he shall have filed in court with his writ the assignment, or a copy thereof, and not otherwise.

ON REPORT.

There were two actions reported to the law court upon the same evidence.

The first case was upon a demand for rent under a lease May 7, 1888, given by Charles Gay to the American Light and Power Company, the plaintiff claiming as assignee of the rights of Charles Gay by virtue of three assignments :— First:   Assignment by acts

of law under insolvency proceedings in case of Charles Gay, the assignment being dated February 20, 1895. Second: Assignment of the leased premises from Messrs. Wing, White, and Newell, assignees of Gay in insolvency, dated August 8th, 1895, which assignment expressly and in terms, conveys to the assignee all the interest which Gay had in said lease November 20, 1894.

Third: Assignment from said assignees in insolvency to the plaintiff, correcting a clause in the former assignment, and assigning to the plaintiff all claims under said lease which they had in their capacity as such assignees, against said defendant, dated January 17, 1886.

The writ contained three counts. First: One on account annexed, for rent under the lease from November 20, 1894, to August 8, 1895, $1307.50. This count sets out the assignment of January 17, 1896.

Second: Account annexed for rent accruing directly to the plaintiff from August 8, 1895, to November 20, 1895, 3.4 months at $150 a month, $510.

Third: The money counts claiming the total of the sums set forth in the first two counts, $1817.50.

The second suit was for damages for breach of covenant to repair, and the plaintiff in this action claimed to recover the sum of $58.02, the amount paid by him for repairs rendered necessary by the negligence of defendant, such as was covenanted against by defendant in the lease.

The plea to the first suit was the general issue.

To the second suit the defendant plead double and said: First: That the property did not suffer damage and injury by the defendant's negligence. Second: That at the time of the supposed breach of covenant, plaintiff had not succeeded to the title, to which second plea the plaintiff replies that said breach was a continuing one and continued after as well as before he succeeded to the title.

The lease provided that the lessor shall "keep up and maintain the said dam, sluices, gates, water wheel, shafting, gearing and

pulleys in good and efficient repair, saving only for such damages and injury as shall come to the same by reason of the carelessness and negligence" of the lessee.

The lessee covenanted to repair in case of any damage or injury which should arise or accrue by reason of its carelessness or negligence.

The lease provided for payment of rent monthly at the rate of $200 per annum for the buildings and for "each dynamo fifty lights, which lessee should place within and use in said building at the rate of $500 per annum."

The lessor could let surplus power to third parties only upon notice to lessee, giving lessee right to take such surplus in preference.

The rent for each additional dynamo commenced when " set and attached to the driving machinery."

There was no provision for any abatement for any change or disuse of machinery after it was once attached.

The first controversy arose as to the right of the plaintiff to recover any rent whatever, and as to this the defendant claimed, that by reason of the property becoming out of repair either by accident or negligence of the lessor, his rent should be abated.

The second controversy arose as to the amount of rent to be paid, if any.

As to this the plaintiff claimed that it appears by the admission of the general agent of the defendant, that sufficient machinery had been attached to raise the monthly rent to the sum of $150, and that by the terms of the lease, from the time of such attachment, the defendants continued liable for rent to that amount, regardless of any changes he might thereafter make for his own convenience.

The defendant on the other hand contended that by reason of removal of a portion and finally, of all of, his machines elsewhere, and ceasing to actually use a proportionate amount of power, his rent would be abated.

Other facts are stated in the opinion.

*H. W. Oakes,* for plaintiff.

*J. A. Morrill,* for defendant.

SITTING: PETERS, C. J., FOSTER, HASKELL, WISWELL, STROUT, JJ. SAVAGE, J., did not sit, having been of counsel.

HASKELL, J. Assumpsit for rent. The first count declares for rent from November 20, 1894, to August 8, 1895. The case is on report, to be decided upon so much of the evidence "as competent and legally admissible."

One Charles Gay, being the owner of a building and water power connected therewith, leased the same to defendant. Gay became an insolvent debtor and on the 8th of August, 1895, his assignees conveyed all the right, title and interest which Gay had in the premises when he became insolvent to the plaintiff, including the lease, rent being in arrear from that day to the day of the conveyance. Thereafterwards, on the 17th of January, 1896, the assignees assigned such rent to the plaintiff.

Rent in arrear is a chose in action and does not pass by a conveyance of the reversion. *Winslow* v. *Rand*, 29 Maine, 362; *Burden* v. *Thayer*, 3 Met. 76; *Massachusetts Hospital Life Ins. Co.* v. *Wilson*, 10 Met. 126.

An assignment of rent reserved under a lease gives the assignee an action in his own name for rent subsequently accruing. *Kendall* v. *Carland*, 5 Cush. 75; *Hunt* v. *Thompson*, 2 Allen, 341; *Harmon* v. *Flanagan*, 123 Mass. 288; *Beal* v. *Boston Car Spring Co.*, 125 Mass. 157. No case can be found where an assignee of a lease or of rent reserved has been permitted, at common law, to sue in his own name for rent in arrear at the time of the assignment.

The conveyance of the reversion and of the lease was August 8, 1895. It passed the title that day of estate held by their insolvent on the 20th of November, 1894. It cannot be construed as a grant or assignment, taking effect the previous November, when the debtor was adjudged insolvent. The part of the grant referring to that date was mere description of the estate conveyed. The rent meantime had accrued to the assignees, and payment to them would have discharged the rent. It had become separated from the land, and was a chose in action recoverable only at common law in the name of the assignees. Whether that rent be held as assigned

to the plaintiff under the conveyance of August 8th, or the subsequent assignment of it in the following January, makes no difference as it was a chose in action to be sued for in the names of the assignees in insolvency only.

Under R. S., c. 82, § 130, an assignee of choses in action, not negotiable, may sue in his own name to recover the same, but "shall file with his writ the assignment or a copy thereof." No assignment was so filed in this case, but both the conveyance of August 8th and the assignment of the following January, when offered in evidence, were objected to, and under the stipulations cannot be considered if not legally admissible. This question has been decided in *Bank* v. *Gooding*, 87 Maine, 338, where it is squarely held that such assignments not filed with the writ are not admissible in evidence against objection. The claim sued in the first count cannot, therefore, be recovered in this action.

The second count declares for rent from August 8th to November 20, 1895. On the former date the lease had been assigned to plaintiff, so that rent accruing afterwards may be recovered by plaintiff in his own name. The lease was terminated on the 20th of November, 1895, by plaintiff taking possession for non-payment of rent. The rent was payable monthly on the first day of each month, so that all plaintiff can recover in any event is rent for August, September and October. The November rent had not accrued, and therefore cannot be recovered. *Nicholson* v. *Munigle*, 6 Allen, 215.

The rent reserved in the lease was $200 per annum for a building used as an electric light station, and $500 for each 50 light dynamo. The latter was really a rent for power, to be determined by the amount used.

It is contended by defendant that during this time the premises were suffered to be out of repair by reason of damage from a freshet, whereby the rent should abate.

During the preceding winter and spring, defendant removed its plant for electric lighting elsewhere, keeping these premises as a reserve in case of trouble with its principal plant. The equipment was also diminished, as it could be readily reinforced in emergency.

The lessor had been adjudged insolvent the December previous. In April a freshet is said to have injured the racks and penstock, so that the power could not be used, and each party claims that the same were suffered to remain out of repair by the fault of the other. The testimony is meagre and conflicting and somewhat confused. The defendant did not very much need the active use of the station, and the assignees do not seem to have cared to incur the expense of repair. We cannot say that the premises were injured or suffered to remain out of repair by the fault of defendant. It seems as if the injury was occasioned by a freshet over which defendant had no control, and the non-repair was suffered to continue by common consent, and that, meantime, under the terms of the lease, rent for power should abate.

The rent for the building, however, is made a separate item in the lease, and special provisions are inserted concerning its injury and, meantime, for the abatement of rent. During these three months defendants occupied the building and under the terms of the lease become liable for rent therefor. If there had been a division of the reversion of the premises by the lessor before his insolvency, the building was excepted and therefore is not subject to an apportionment of rent.

*Defendant defaulted for $49.98 and*
*interest from date of writ.*

From the above discussion of the rights of the parties, it will be seen that no breach of covenant, if available to the plaintiff, has been shown, and therefore in his action for covenant broken the entry must be

*Judgment for defendant.*