WILLIAMS *v.* WILLIAMS.

1. DEEDS—DECLARATION OF TRUST.
   A declaration of trust, comprised in a separate instrument
   accompanying a deed, will, as between the parties, be given
   the same effect as if embodied in the deed itself.

2. SAME—HUSBAND AND WIFE—PURCHASER FOR VALUE.
   A wife, having voluntarily given to her husband a sum of
   money, was told by him that whatever property he had should
   be hers at his death. A few days before his death, the hus-
   band, pursuant to the agreement, deeded his entire property
   to the wife. *Held*, that she could not hold the property, as a
   *bona fide* purchaser, as against one who had conveyed it to
   the husband in trust.

3. SAME—TRUSTS.
   A trust in land reattaches, where the land, after being con-
   veyed by the trustee to a *bona fide* purchaser, is subsequently
   redeeded to the trustee.

4. SAME—LANDLORD AND TENANT—ACCOUNTING FOR RENT.
   Where lands occupied by a tenant are conveyed by the land-
   lord to his wife a few days before his death, the tenant's
   liability to account for rent in arrears at the time of the
   transfer is to the estate of the landlord, and not to the wife.

Appeal from Wayne; Hosmer, J.    Submitted October
19, 1898.   Decided November 9, 1898.

Bill by Louis H. Williams against Julia Williams and
others to set aside a deed.    From a decree for complain-
ant, defendant Julia Williams appeals.    Affirmed.

On October 17, 1884, complainant and defendant Julia
Williams, being the owners as tenants in common of the
land here in controversy, executed a warranty deed to one
Melhose.    At the same time Melhose executed a convey-
ance of the same land to Henry Williams, the husband of
the defendant Julia.    The purpose of these conveyances

was to transfer the title to Henry Williams. At the same time Henry Williams, who was complainant's father, executed to him a declaration in writing, the substantial parts of which are as follows:

"Know all men by these presents, that I, Henry Williams, of the city of Wyandotte, county of Wayne, and State of Michigan, being desirous of holding real estate in my own name for the purpose of giving me a standing in the commercial world, do hereby agree with my son, Louis H. Williams, as follows: For and in consideration of the deeding to me by my said son (for the purpose above mentioned) his one-half interest in the following described property, to wit: 'The north one-half of lot eight (8), block seventy-two (72), situated on Biddle avenue, in the city of Wyandotte, in said county and State, together with the one-story brick store being on said ground; to have and to hold the same for and during my natural life,'—I hereby agree to pay all taxes and assessments, ordinary and extraordinary, that may be levied against the said property; to keep the building in as good repair as the same now is; to keep the buildings erected and to be erected fully insured against loss by fire; and, unless the said premises are reconveyed back to my son, Louis H. Williams, during my lifetime, I hereby agree to execute a will leaving the said property to the said Louis H. Williams, as the same is received by me without consideration, and only for the purposes above named."

Mr. Henry Williams died August 16, 1894. A few days before his death he executed a deed of the entire premises to his wife. The purpose of this suit is to set aside that deed as contrary to the agreement between complainant and his father, as evidenced by the writing.

Complainant, from the time of the execution of the deed to his father's death, occupied one room in the building as a store. No charge was ever made for the rent, and there is no evidence to show that the relation of landlord and tenant was ever understood to exist between complainant and his father. Defendant Julia claims to be a *bona fide* purchaser, without knowledge of the agreement between her husband and complainant. Her father gave her at one time $500, which she gave to her husband,

and she claims to have given it to him upon the understanding that at his death whatever property he had should be hers. It is claimed that the deed to her was made pursuant to that agreement. The circumstances under which she gave this money to her husband appear in her own testimony, as follows:

"*Q.* You gave Mr. Williams some money in 1892, you say; $500. Just tell us what occurred at that time when you gave him the money. I want to know exactly what was said at that time between your husband and yourself.

"*A.* My husband said: 'That is all right, my dear. Whatever is going to be left will be yours, because you did everything to help me.'

"*Q.* And you had got this money from your father as an advancement on your portion of his estate?

"*A.* Yes, sir.

"*Q.* You took that money over, and you handed it to Mr. Williams?

"*A.* Yes, sir.

"*Q.* He didn't ask you for it?

"*A.* No, sir.

"*Q.* You simply walked over, and voluntarily gave it to him?

"*A.* Yes, sir.

"*Q.* And how long was it, after you gave him this money, that he told you it was going to be 'all right, my dear?'

"*A.* Just at the time I gave it.

"*Q.* He didn't ask you for a loan, or anything of that kind?

"*A.* No, sir.

"*Q.* Mr. Williams and yourself—Whatever money you had you gave over to him, and he used it, and if you wanted any money you used it?

"*A.* Yes, sir.

"*Q.* The same as husband and wife ordinarily do business together?

"*A.* Yes, sir.

"*Q.* And that is the way you came to give him this money, isn't it,—this $500?

"*A.* Yes, sir."

Defendant Julia had paid a mortgage upon the land, and had also purchased a few inches of an adjoining lot, upon which a portion of the building rested.

The case was heard upon pleadings and proofs taken in open court. Decree was entered for the complainant, but provided that he should pay defendant Julia one-half of the amount paid by her to redeem the mortgage and to purchase the small strip of land, less one-half the rents of the property since the death of Mr. Williams.

*Flowers, May & Moloney*, for complainant.

*James H. Pound*, for appellant.

GRANT, C. J. (*after stating the facts*). 1. By the deed and the declaration accompanying it, Henry Williams had only a life estate in the land, and at his death the title revested in complainant. Had the declaration been incorporated in the deed, no question would arise as to its effect. As between the parties, the same effect must be given to the words when found in the declaration as when found in the deed. Only creditors of Henry Williams, and purchasers in good faith and for a valuable consideration, have rights in the property superior to those of the grantor and grantee.

2. Mrs. Williams was not a purchaser for a valuable consideration. She did not loan this money to her husband with any express agreement that these premises were to be conveyed to her in consideration for the loan. The money transaction was such as is common between husband and wife.

3. It is urged that this deed was made to defraud the creditors of complainant and defendant Julia, who were copartners in business at the time, and that, therefore, equity will not interfere. We find no tangible evidence to sustain this theory.

4. Mr. Henry Williams and his wife at one time executed a deed to one Archibald Campau. Mr. Campau subsequently redeemed the land to Mr. Williams. Defendant's counsel urges that there is nothing upon this record to show that Mr. Campau was not a *bona fide* purchaser, and, the presumption being that he is one, that Mrs.

Williams is entitled to the same protection that would be given to Mr. Campau if a *bona fide* purchaser. This might be true if Mr. Campau had made the deed direct to her; but where property is conveyed by a trustee to a *bona fide* purchaser, and the title to the property is reconveyed to the trustee, the trust reattaches. 2 Perry, Trusts, § 830.

5. It is urged that defendant Julia is, in any event, entitled to an accounting for the rent of that part of the building occupied by complainant during her husband's lifetime. As already said, there is nothing in the record to indicate the existence of the relation of landlord and tenant, except the mere fact that the title was in the father, and a portion of the building occupied by the son. Whatever presumption might arise under the circumstances of this case, we need not consider. If complainant was bound to account to any one for the rents, it would not be to Mrs. Williams, but to the estate of Henry Williams.

Decree affirmed, with costs.

MONTGOMERY, HOOKER and MOORE, JJ., concurred. LONG, J., did not sit.