ORVILLE G. BARBER *et al. vs.* WATCH HILL FIRE DISTRICT.

MARCH 25, 1914.

PRESENT:    Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Landlord and Tenant.   Tenant From Year to Year.*

Where a lessee for years holds over his term and becomes a tenant from year to year, the tenancy is subject to all the covenants and stipulations contained in the original lease, so far as they are applicable to the new condition of things.

*(2)   Landlord and Tenant.   Transfer of Reversion.   Rents.*
The transfer of a reversion does not carry rents already accrued, but only such as have not yet become due.

*(3)   Landlord and Tenant.   Transfer of Reversion.*
The rent of premises for the year beginning February 1, 1909, was due August 1, 1909, and on December 30, 1909, the reversion was assigned, and in May, 1910, the assignee entered upon the premises and removed a building thereon:
*Held*, that at the time of entering upon the premises, there was no rent due from the lessee to the assignee and the latter had no standing as landlord or reversioner, giving him the right to reënter on the ground that rent was in arrear for fifteen days, and as lessee had not been given the statutory notice to quit, the assignee was a trespasser.

TRESPASS.   Heard on exceptions of defendant and overruled.

VINCENT, J.   This is an action of trespass brought by Orville G. Barber and Mary T. Barber, his wife, both of Westerly, Rhode Island, against the Watch Hill Fire District, a *quasi* municipal corporation also located in said Westerly.

It appears from the evidence that Walter Price, late of said Westerly, was the owner of a certain lot or parcel of land situate in that portion of said town of Westerly called Watch Hill, and being so possessed leased the same, by an indenture duly executed, to the plaintiff, Orville G. Barber, for the term of five years, from February 1, 1895, at an annual rent of fifty dollars, payable on the first day of August in each and every year succeeding said first day of February, 1895.   On February 21, 1898, the said Orville G. Barber, by an instrument duly executed, assigned, transferred, and set over to his wife, Mary T. Barber, all his interest in said lot or parcel of land acquired under said lease for the remainder of the term therein mentioned.

Upon this lot the plaintiffs erected a frame building which was used by them in the summer season as a candy and confectionery store and restaurant.

Upon the expiration of the lease on the first of February, 1900, the same was not renewed.   The plaintiffs continued to

occupy the premises upon the understanding with the owner, Walter Price, that they might do so as tenants from year to year. Further than this there was no new agreement or understanding between the parties as to future occupancy. Under these conditions the plaintiffs remained in possession of the lot and carried on business there down to and including the summer of 1909. During this period the plaintiffs did not pay the annual rental of fifty dollars on the first day of August, but, through the indulgence of Mr. Price, made such payments at such time or times in the fall, usually between September 1st and November 1st, as might best suit their convenience.

On the 30th of December, 1909, Walter Price conveyed the lot in question, upon which the plaintiffs' building was situated, to the defendant, the Watch Hill Fire District, by deed of that date.

The defendant, through its attorneys, had several conversations with Mrs. Barber, both before and after it acquired title to the lot and finally, under date of March 28, 1910, addressed a letter to the plaintiff, Mary T. Barber, notifying her of its purchase of the lot from Price and that, unless the building was removed by April 2, 1910, the defendant, the Watch Hill Fire District, would proceed to remove it or dispose of it at her expense. There is no claim, on the part of the defendant, that any attempt was made to give the plaintiff, Mrs. Barber, a legal notice to quit the premises in question. All communications or conferences with her, whether oral or written, appear to have been directed to the making of some arrangement for the removal of the building. The plaintiffs not having removed the building by the 2nd of April, 1910, as requested by the defendant, the defendant later in said month, or in the following month of May, had it taken to pieces and the lumber placed upon a vacant lot near by, the contents of the building being stored. This removal of the building was effected in spite of the protest of the plaintiffs.

In entering upon the discussion of the questions involved, it is first desirable to determine the rights of the plaintiffs

as to the possession of this lot, as tenants, at the time of the alleged trespass.   The law seems to be well settled as stated in 24 Cyc. 1033, that "where a lessee for years holds over after the expiration of his term, and becomes a tenant from year to year, the tenancy is subject to all the covenants and stipulations contained in the original lease, so far as they are applicable to the new condition of things." *Evertsen* v. *Sawyer*, 2 Wend. (N. Y.) 507; *Gardner* v. *Board of County Commissioners*, 21 Minn. 33; *Laguerenne* v. *Dougherty*, 35 Pa. St. 45; *Goldsborough* v. *Gable*, 140 Ill. 269; *Vrooman* v. *McKaig*, 4 Md. 450.

In the second place, it is necessary to determine whether or not the entry of the defendant upon these premises was justified under the provisions of Sec. 7, Chap. 334 of the Gen. Laws of 1909, which provides that the landlord or reversioner, where the rent is due and in arrear for a period of fifteen days, may reënter and repossess himself of the lands, etc. That is to say, was there any rent due from the plaintiffs to the defendant and in arrear for fifteen days at the time of the alleged trespass?   According to the terms of the original lease from Price to the plaintiffs, which we have already found are controlling in the absence of any other or different agreement between the parties, the annual rent was due and payable on the first day of August in each year. This brings us down to the single question as to whether the transfer of the reversion carried to the assignee the right to rents already accrued.   We do not think it did.   The great weight of authority is that the transfer of the reversion will not carry rents already accured but only such as have not yet become due.   *Coffey* v. *Hunt*, 75 Ala. 236; *Bordereaux* v. *Walker*, 85 Ill. App. 86; *Van Driel* v. *Rosierz*, 26 Iowa, 575; *Damren* v. *Am. L. & P. Co.*, 91 Me. 334; *Williams* v. *Williams*, 118 Mich. 477; *Burden* v. *Thayer*, 3 Metc. 76; *The Farmers' & Mechanics' Bank* v. *Ege*, 9 Watts (Pa.) 436.

The rent of the premises for the year beginning February 1, 1909, and ending February 1, 1910, was due August 1,

1909, and did not pass to the defendant by the deed from Price under date of December. 30, 1909. At the time when the defendant entered upon the premises and razed and removed the plaintiffs' building, there was no rent due from the plaintiffs to the defendant, and the defendant had no standing as a landlord or reversioner who may reënter on the ground that rent is in arrear for fifteen days, nor were the plaintiffs the recipients at any time of any statutory notice to quit. The defendant was clearly a trespasser.

At the trial the defendant took exception to the ruling of the court admitting in evidence the lease from Price to the plaintiffs covering a period of five years from February 1, 1895, and also to the denial of his first request to charge, relating to the right of the defendant to reënter, the rent being in arrear, etc. Inasmuch as the conclusions which we have already reached show the importance of the lease as evidence, and that the defendant had no right of reëntry for nonpayment of rent, a particular discussion of those exceptions would be but a repetition of what we have already said upon those points.

All of the defendant's exceptions are overruled, and the case is remitted to the Superior Court, with direction to enter judgment on the verdict.

*Frederick C. Olney*, for plaintiffs.

*Harry B. Agard, Samuel H. Davis*, for defendant.