BEN M. WOOD, Administrator, Respondent, v. FRED C. McCAIN, Administrator, Appellant.

(149 N. W. 426.)

1. **Appeals—Evidence, Sufficiency of—Brief, Respondent's Admissions—Court Rule.**

   Although appellant's brief did not contain the recitals required by statute and Court Rule No. 6 (preface to 29 S. D. 140 N. W. VIII), yet, in view of respondent's admission of the fairness of appellant's abstract, the Supreme Court will consider the question of sufficiency of the evidence to support the findings, raised by appellant.

2. **Appeal—Record—Testimony Without Stenographer—Settled Record, Conclusiveness of.**

   The fact that no stenographer was present when testimony was taken would not deprive the parties from having the substance of that evidence inserted in settled record; and the Supreme Court will not go behind the settled record, as found in printed brief, to consider such evidence on the oral suggestion of counsel.

3. **Landlord and Tenant—Assignment of Rents, Validity of—Mental Capacity of Grantor—Sufficiency of Evidence.**

   In a suit to set aside assignments of rents of several buildings, evidence held amply sufficient to show that assignor was in possession of his faculties at time of the assignments.

4. **Landlord and Tenant—Assignment of Rents—Reversion, as Incident to.**

   While an interest in realty may be severed from the fee, and, while by a general grant of the reversion rent will pass as an incident to it, yet in view of Civ. Code, Sec. 936, concerning the transfer of its incidents by a transfer of a thing, a general grant of rent does not carry the reversion.

5. **Same—Assignment of Rents—Rent Charge—Estate of Inheritence—Life Estate.**

   Where an owner of realty, leased for short terms of years, assigned to his wife all rents due or to become due, but the assignments did not specify the amounts of the rents, and there being nothing in the instruments showing an intention by assignor to charge either himself or his estate with the duty of performing the terms of the leases, while the terms of the assignments necessarily imply the existence of leases, but are uncertain as to the duration of the assignments, held that they simply amounted to assignments of the existing leases.

   Polley, J., not sitting.

   (Opinion filed November 24, 1914.)

Appeal from Circuit Court, Pennington County. Hon. LEVI McGEE, Judge.

Action by George F. Schneider, as administrator of the estate of Chauncey L. Wood, deceased, against Bessie F. Wood, in which Ben M. Wood intervened and was substituted in lieu of the original administrator, and in which, upon the death of defendant, Fred C. McCain, administrator of her estate, was substituted as defendant and appellant; the suit being brought to set aside certain assignments of rents, made by said Chauncey L. Wood to said Bessie F. Wood. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Judgment and order reversed, with directions.

*Williams & Sweet,* for Appellant.

*Jeffers & Burton,* and *Cull & Wood,* for Respondent.

(5) Under point five of the opinion, Appellant cited:

Tiedeman on Real Property, Sec. 644; Washburn on Real Property, 6th Ed., Vol. 2, Secs. 1191-2, 1207; Enc. of Law, Vol. 18, p. 286; Secs. 282, 938, 946-7, Rev. Civ. Code; Penfield v. Tower et al., 1 N. D. 220, 46 N. W. 413; Page 537, Cyc. Vol. 13; Handberry v. Doolittle, 38 Ill. 202; Zimmer v. Sennott (Ill.) 25 N. E. 774; Richard M. Scott v. Ezra Lunts, administrator (U. S.) 7 Peters 595, 32 Law Ed. 800.

GATES, J. From Christmas day, 1910, to January 16, 1911, the date of his death, the late Chauncey L. Wood, of Rapid City, an attorney of long standing in this state, was in a hospital in Seattle, Wash. He was accompanied by his wife and her son by a former marriage. On January 9, 1911, he executed the paper hereinafter referred to as Exhibit A, which was in the handwriting of his wife. On the same day and immediately after he signed Exhibit A, the stepson presented the two papers designated as Exhibits B and C, and he also signed them and delivered all three to his wife. It is agreed that Exhibit A refers to the same property as Exhibits B and C and that the description of the property mentioned in Exhibit B as the "Laundry Building" is the N. 40 ft. of the S. 90 ft. of lots 29, 30, 31, and 32 in block 94 of the Original Townsite of Rapid City, and that the description of the property mentioned in Exhibit C as the "Wood Building" is lot 12 and the W. 10 ft. of lot 11 in the same block. It is also

agreed that the "Laundry Building" was occupied by a tenant under a ten years' lease beginning June 1, 1907, at the monthly rental of $85, and that the "Wood Building" was occupied by a tenant under a five years' lease beginning July 1, 1909, at the monthly rental of $25. The other terms and conditions of the leases are not disclosed by the record. Exhibits A, B, and C are as follows:

### Exhibit A.

"Seattle, Washington, Jan. 9, 1911.

"This is to witness that for a sufficient consideration to me paid by Bessie F. Wood, my wife, I have hereby sold and assigned all rents now due and to become due for my building situated on 6th street in block 94 of Rapid City, S. D., and also all of the rents due and to become due for my building situated on St. Joseph St. in said Rapid City.

"Chauncey L. Wood."

### Exhibit B.

"For and in consideration of the sum of one ($1.00) dollar, and other good and valuable considerations, to me in hand paid by Bessie F. Wood, I do hereby transfer and assign all the rents now due and to become due from that certain building known as the 'Laundry Building' owned by me in the city of Rapid City, Pennington county, South Dakota, and do hereby authorize her to collect the same.

"Dated this 9th day of January, A. D. 1911.

"Chauncey L. Wood.  [Seal.]

"Witness: Roy D. Frank."

### Exhibit C.

"For and in consideration of the sum of one ($1.00) dollar, and other good and valuable considerations, to me in hand paid by Bessie F. Wood, I do hereby transfer and assign all the rents now due and to become due from that certain building known as the Wood Building owned by me in the city of Rapid City, Pennington county, South Dakota, and do hereby authorize her to collect the same.

"Dated at Seattle, Washington, this 9th day of January, A. D. 1911.

"Chauncey L. Wood.    [Seal.]

"Witness: Roy D. Frank."

The administrator of the estate of the deceased began an action against the widow seeking to have the assignments declared void as contrary to the provisions of the statutes against perpetuities and accumulations and as attempting to transfer after death real property in a manner prohibited by the laws of this state. A son of deceased by a former marriage, Ben M. Wood, intervened, and, in addition to the grounds of illegality asserted by the administrator, alleged that the assignments were obtained by undue influence, and that, owing to the necessary use of opiates, the assignor was at the time of executing the assignments in a semicomatose condition. The widow answered both complaints asserting ownership in the rents during her life. Trial was had to the court which found that at the time of executing the assignments the deceased was suffering from extreme physical and mental weakness, the result of disease and surgical operations, and that the assignments were void. From the judgment and order denying a new trial the widow appealed to this court. Before the case was reached for argument she died, and her administrator has been substituted as defendant and appellant.

[1] The insufficiency of the evidence to support the finding above mentioned is one of appellant's assignments of errors. The appellant's brief does not contain the recital required by statute and by rule 6 (preface to 29 S. D. 4, 140 N. W. viii) of this court to the effect that it contains all of the material evidence received upon the trial; but counsel for respondent plaintiff state that appellant's statement of facts is fair and complete and will be accepted, and counsel for respondent intervener, with one correction, assert that appellant's statement of facts is very fair and complete. We are therefore compelled to consider the sufficiency of the evidence to sustain that finding.

[2-3] Dr. Kheiralla, in answer to a long hypothetical question, said that the mind of the patient would be abnormal. Dr. Jackson, in answer to the same question, said it would be impossible for the mind of the patient to be in a normal condition, but upon cross-examination said that the patient would be deprived of the

use of his mental faculties to some extent, but not necessarily to the extent of not knowing what he was doing. These two physicians were not present at the last illness of Mr. Wood. Dr. Bates, the attending physician, Mr. Schubert, the nurse, Boyd J. Tallman, judge of the superior court, Mrs. Wood, and her son Roy D. Frank, whose depositions were taken in a case in relation to an adoption proceeding, and which depositions were offered in evidence by the intervener, all gave testimony tending to sustain the mental capacity of Mr. Wood. This testimony was also strengthened by depositions of Dr. Bates, Mr.. Schubert, Mrs. Wood, and Roy D. Frank taken in this proceeding and offered by the defendant. It appeared upon the oral argument that some testimony tending to show want of mental capacity taken before the trial court without a stenographer was omitted from the settled record. The fact that there was no stenographer would not deprive the parties from having the substance of that evidence inserted in the settled record. The statute points out the method. We cannot now go behind the settled record as disclosed in the printed briefs. We are of the opinion that the clear and overwhelming preponderance of the evidence was that Chauncey L. Wood, deceased, was capable of transacting business when he signed these exhibits. This brings us to the legal aspect of the documents.

[4] It is contended by appellant: First, that the instruments conveyed to Bessie F. Wood the fee of the property; second, that if they did not convey the fee they conveyed an estate of inheritance in the rents, viz., a perpetual rent charge; third, that if they conveyed neither of those estates they conveyed a life estate in the rents, viz., a rent charge during her life. The contentions of the respondent plaintiff and respondent intervener are in accord with the substance of their complaints hereinbefore referred to.

It is clear that an interest in the rents of real property may be severed from the fee, and, while by a general grant of the reversion rent will pass as an incident to it, yet by a general grant of rent the reversion will not pass. Demarest v. Willard, 8 Cow. (N. Y.) 206; Beal v. Boston Spring Car Co., 125 Mass. 157, 28 Am. Rep. 216; Bordereaux v. Walker, 85 Ill. App. 86; Tiffany on Landlord & Tenant, pp. 868, 1107. See, also, notes to

section 1084, Kerr's Cal. Civ. Code. Furthermore, section 936 of our Civil Code provides:

"The transfer of a thing transfers also all its incidents unless expressly excepted; but the transfer of an incident to a thing does not transfer the thing itself."

Therefore appellant's first contention is untenable.

[5] Answering appellant's second and third contentions to the effect that either an estate of inheritance or for life in the rents was conveyed, we may observe that these instruments are silent as to the duration of the interest. Section 226, Civil Code, provides:

"No lease or grant of agricultural land for a longer period than ten years, in which shall be reserved any rent or service of any kind, shall be valid. No lease or grant of any town or city lot for a longer period than twenty years, in which shall be reserved any rent or service of any kind, shall be valid."

Now if a reservation of rent for a longer period than specified in the statute renders a lease or grant void, it is difficult to see how an independent grant of the rents for a longer period could be valid. But without deciding that question we are convinced that these instruments did not constitute a rent charge upon the properties. They lack the fundamental requirement of being certain as to the amount of the rent charge. Halsbury's Laws of England, vol. 24, § 907; Simey v. Marshall (1872) L. R. 8 C. P. 269; Steele v. Bosworth, 18 C. B. (N. S.) 22, 144 Eng. Reprint, 347.

Suppose that by reason of a breach of the conditions in one of the leases to be performed by the lessor the lessee should become evicted, he would then certainly not be liable to pay rent, and, as there is nothing in the instruments showing an intention on the part of the assignor to charge either himself or his estate with the duty of performing the terms of the leases by him to be performed, we cannot assume that it was the assignor's intention to so charge himself or his estate. Suppose the buildings should either before or after the expiration of the present leases become demolished by fire or otherwise, there is nothing in the instruments to indicate a duty on the part of any one to replace them. Furthermore, the assignments of rents due and to become due necessarily imply the existence of leases of the properties.

Taking these things into consideration and the fact that no fixed amount is charged upon the properties, we are of the opinion that the assignments of the rents amounted to assignments of the existing leases, and carried with them the duty on the part of the assignee to perform those things required to be performed by the lessor, so that these instruments simply amount to an assignment of the net rentals of the property during the periods covered by the respective leases.

The motion to strike the cause from the calendar is denied for the reasons orally announced at the time of the argument.

The judgment and order appealed from are reversed, with directions to proceed in accordance with the views herein expressed.

POLLEY, J., not sitting.