## COOK v. MELTON.

No. 9294—Opinion Filed Nov. 19, 1918.

(176 Pac. 205.)

1. **Use and Occupation—Recovery.**

In an action for use and occupation of land, recovery can be had only for the value of the use and occupation of the land during the time plaintiff was entitled to the possession thereof.

2. **Vendor and Purchaser—Use and Occupation by Tenant—Purchaser's Right to Rents.**

A purchaser of land occupied and used by the tenant of the grantor is not entitled to the rents already accrued at the time of purchase.

(Syllabus by Pope, C.)

Error from District Court, Grady County; Will Linn, Judge.

Action by Adrian Melton against C. E. Cook to recover rent on certain realty. Judgment for plaintiff, and defendant brings error. Reversed. and cause remanded.

Riddle & Hammerly, for plaintiff in error.

Bond, Melton & Melton, for defendant in error.

Opinion by POPE, C. On October 5, 1915, the plaintiff below, Adrian Melton, acquired title to a certain tract of land located in Grady county at a guardian's sale. The land was then in the actual possession and occupancy of the defendant, C. E. Cook, who was holding under a yearly lease from Geo. C. Howard, who in turn was holding by virtue of a five-year lease given by the allotte of the land, a full-blood Choctaw Indian. Under his lease agreement Cook paid $50 in advance and gave his note for $100 payable October 1, 1915, making a total of $150, representing the full agreed rent for the year 1915. This note was past due when Melton purchased the land, but unpaid. Melton brought suit in the justice court for the rental value of the land for the year 1915 alleged to be $150. Judgment was rendered against him. He appealed to the district court, recovering a judgment for $100, and Cook brings error to this court.

Regardless of the nature of Cook's occupancy of the land or of the nature of his rights therein, it is entirely clear that Melton is not entitled to recover for the use and occupancy of land for the entire year of 1915. He did not purchase the land until October 5, 1915, and hence, if Cook was liable to any one for the use and occupation of the premises, he certainly was not liable to Melton for the time prior to October 5, 1915. Bigham v. Alexander, 54 Okla. 51, 153 Pac. 644. If Cook's lease was void, Melton could at least only recover for use and occupation of same from and after the date he was entitled to the possesion of said premises, to wit, 5th day of October, 1915, a recovery which he does not seek in this action.

If the view be taken that Cook's lease is valid, then it is equally clear that Melton is not entitled to recovery.

The rent for the entire year had matured before Melton purchased the land, and it is well settled that accrued rents do not pass to the purchaser of the demised premises. Coffey v. Hunt, 75 Ala. 236; Damren v. American Light & Power Co., 91 Me. 334, 40 Atl. 63; Burden v. Thayer, 44 Mass. (3 Metc.) 76, 37 Am. Dec. 117; Williams v. Williams, 118 Mich. 477, 76 N. W. 1039.

The judgment is therefore reversed, and cause remanded.

By the Court: It is so ordered.