WOOD, Administrator et al, Respondents, v. McCAIN, Administrator, Appellant.

(171 N. W. 82).

(File No. 4411.   Opinion filed March 12, 1919.)

1.  **Appeals—Trial Court, Reliance on Un-appealed From Supreme Court Rulings, Effect—Law of Case.**

    Where trial court relied upon rulings of Supreme Court on former appeal, as to certain issues, its rulings, unappealed from, became the law of the case, and is binding upon respondent upon present appeal.

2.  **Landlord and Tenant—Prohibited Assignment of Lease, Lessor's Right to Elect to Forfeit Therefor—Effect of Assignment.**

    Under a lease, providing that lessee "will not sell, assign," etc., the premises without written consent of lessor under penalty of forfeiture of all his rights thereunder "at the election of the party of the first part" (lessor)., held, that the assignment of the lease did not ipso facto render lease void; it merely gave lessor right to declare lease forfeited at his election.

3.  **Same—Forfeiture, Surrender, of Lease—"Cancellation" of By Lessor's Alleged Agent, Effect—Change of Tenant, Effect—Sufficiency of Evidence.**

    Testimony of one claiming to be the agent of a lessor, that he "cancelled" the lease in dispute, states but a mere conclusion; and there being no evidence that either the lessor, or his assignee of rents, or any other person having authority to do so ever sought to declare a forfeiture of the lease because of a change of tenants or for any other cause, or that a new occupant claiming as subtenant ever surrendered the original lease or asked for a new lease from any person except his assignor (original lessee), the lease remained in full force and effect until expiration of its term; and trial court erred in finding that the lease was terminated.

4.  **Executors and Administrators—Estate of Lessee—Recovery of Rents From Lessor's Estate, Measure of Recovery—Off-set of Taxes, Repairs, But Not Insurance.**

    The administrator of estate of deceased lessee, is entitled to judgment against lessor's estate for certain rents under leases less amount paid by lessor's estate for taxes, and for such repairs on the property as were necessary to preserve it in as good condition as when leased, but not such as were made merely for tenant's convenience; but expenditures for insurance on the property by lessor's estate insured wholly to its benefit, and should not be paid out of rentals.

    Polley, J., taking no part in the decision.

Appeal from Circuit Court, Pennington County.   Hon. Levi McGee, Judge.

Action by Ben M. Wood (substituted· in lieu of George F. Schneider), as administrator of the estate of Chauncey L. Wood, deceased, (Ben M. Wood, Intervener), against Fred C. McCain, as administrator· of the estate of Bessie F. Wood, deceased, to re-cover rentals under a leasehold. From a judgment for plaintiff and intervener, defendant appeals. Reversed, and remanded for further proceedings.

See, for opinion on former appeal, 34 S. D. 544, 149 N. W. 426.

*Williams & Sweet,* and *Schrader & Lewis,* for Appellant.
*Buell & Denu,* for Respondents.

(4) To point four, in re insurance, Appellant cited:
Harrison v. Pepper, (Mass.) 33 L. R. A. 239.

SMITH, P. J. This case was before this court on a former appeal. The decision will be found in 34 S. D. 544, 149 N. W. 426. The action of the trial court was reversed, with directions to that court "to proceed in accordance with the views herein ex-pressed." Upon the former trial the trial court found that the instruments referred to as assignments of rents executed by the decedent, Chauncey L. Wood, were obtained by undue influence exercised upon him by his wife, Bessie F. Wood, at a time when he was in a state of extreme physical and mental weakness and under the influence of opiates, and in a semiunconscious condition, and that said assignments were void. This finding was reversed, as against the clear preponderance of the evidence, this court holding that:

"The clear and overwhelming preponderance of the evidence was that Chauncey L. Wood, deceased, was capable of transact-ing business when he signed these exhibits."

This court held that the exhibits referred to were valid legal assignments of the leases in question. Prior to the new trial de-fendant amended his answer, specifically pleading the leases re-ferred to, alleging the assignments thereof to Bessie F. Wood, and that plaintiff, as administrator of the estate of Chauncey L. Wood, deceased, had wrongfully collected the rents due there-under, and had wrongfully refused to pay the same to him as administrator of the estate of Bessie F. Wood, since deceased. There was a general denial. Upon the issues as to the competency

of Chauncey L. Wood to transact business, and the execution of said assignments, certain evidence was offered.

[1] In its decision the trial court held that the rulings of this court upon the former appeal were final and conclusive upon those issues, and that the assignments were valid. Whether erroneous or not, this ruling, unappealed from, became the law of the case, and is binding upon respondent upon this appeal. Nor can appellant complain of this ruling, which is plainly favorable to his contention at the trial. A new issue, however, was presented at the trial under the amended pleadings.

[3] Respondent contended and the trial court found that the ten-year lease on the laundry building, which by its terms would not expire until May 1, 1917, was terminated on January 30, 1911, and that Bessie F. Wood was thereby deprived of the right to all rentals accruing and collected by the administrators of the Chauncey L. Wood estate after that date, amounting to $5,270. It is appellant's contention that this finding is against the preponderance of the evidence. The assignment of the lease was executed on January 9, 1911, and, as the trial court found, the lease was terminated on January 30, 1911. The termination of the lease is claimed to have been effected by certain acts of Canfield, the tenant, and by acts of Ben M. Wood, claimed to have been done under authority conferred upon him by his father, Chauncey L. Wood, while living. Ben M. Wood testified that he "canceled" the lease in dispute, but his testimony states a mere conclusion, and there is no evidence to show his authority to cancel the lease as his father's agent. The lease in question from Chauncey L. Wood to Canfield contained the following clause upon which the further claim of cancellation is based:

"That he [Canfield] will not sell, assign, underlet or relinquish the said premises without the written consent of the lessor under a penalty of a forfeiture of all his rights under the lease, at the election of the party of the first part."

[2] Under this clause an assignment of the least did not ipso facto render the lease void. It merely gave the lessor the right to declare the lease forfeited at his election. Canfield, the original lessee, occupied the leased premises as a laundry from April 22, 1907, and paid the rent up to January 31, 1911. Just prior to that date Canfield sold the laundry business, together with

all the fixtures and personal property in the building, to one
Barto, who went into possession of the building and business on
February 1, 1911, and remained in possession up to the time of
the trial.   He testified that Canfield put him in possession; that
he asked Canfield about giving him a new lease on the building,
and that Canfield told him he could not give him a new lease;
that he (Barto) had continued to "pay up [rent] under this lease
at the rate of $85 a month, up to April 1, 1916."

[3] There is not a scintilla of evidence in the record that
either Chauncey L. Wood or Bessie F. Wood, his assignee, or
any other person having authority so to do, ever sought to de-
clare a forfeiture of the lease because of a change of tenants or
for any other cause, nor did the new tenant, Barto, ever surren-
der, or attempt to surrender, the original lease, nor did he ever
ask for a new lease from any person except Canfield.   It is ab-
solutely clear that the lease remained in full force and effect from
its inception until the expiration of its full term.   If there was no
valid assignment to Barto, the original lessee, Canfield, remained
liable for payment of rents under the lease, and if Barto, under
his deal with Canfield, did in fact pay the rents, he did so in dis-
charge of Canfield's liability, and the money so paid belonged to
the owner of the lease.

[4] It follows that appellant, as administrator of the estate
of Bessie F. Wood, deceased, is entitled to a judgment against
respondent for the amount collected as rents under the leases in
question, less the amounts paid by the representatives of the
Chauncey L. Wood estate for taxes, and for such repairs on the
property as were necessary to preserve the property in as good
condition as when leased, but not such as may have been made
for the mere convenience of the tenants.   Expenditures for in-
surance on the property by the estate of Chauncey L. Wood
inured wholly to the benefit of the estate, and should not be paid
out of rentals.   The judgment and finding of the trial court are
reversed, and the cause remanded for further proceedings in ac-
cordance with the views herein stated.

POLLEY, J., took no part in this decision.