LILLIAN M. RYAN *vs.* J. H. COGAN COMPANY.

Kennebec.     Opinion February 28, 1931.

*Samuel Titcomb*, for plaintiff.
*Locke, Perkins & Williamson*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

THAXTER, J.   This case is before this court on exceptions. The
defendant was a tenant at will of the plaintiff under a contract
either express or implied to pay rent at the rate of $16.66 a month.
On May 28, 1927, while such relation was still subsisting, the
plaintiff wrote to the defendant a letter to the effect that com-
mencing July 1, 1927, the plaintiff would charge the defendant as
rent $30.00 per month, payable monthly at the end of each month.
The tenant, without any affirmative acceptance of the proposition,
continued to occupy the premises. This is an action of assumpsit
for the rent at thirty dollars a month from July 1, 1927, to Janu-

ary 1, 1928. The defendant duly excepted to the following portion of the charge of the presiding Justice.

"And the plaintiff has further shown by testimony in the form of a letter introduced in evidence, dated May 28, 1927, that she sent notice to the defendant corporation that after July 1, 1927, she would demand $30 a month rent for the land.

"Now being the owner of the land, she has the right to fix the rate, and if the defendant saw fit to occupy it for the period stated, the law would imply a promise on his part to pay the rent demanded. He is not obliged to occupy the land, and if he did so, after receiving notice from the plaintiff that a certain amount of rent would be demanded, the law would imply a promise on the part of the defendant to pay such rent.

"So in the face of the evidence, you would be justified in finding that the plaintiff was the owner of the land, that she gave notice to the defendant company that the rent after July 1, 1927, would be at the rate of $30 a month, and you would be justified in finding, irrespective of what the land was actually worth, that the defendant promised, — there was an implied promise to pay the rent demanded."

Except by operation of law, an example of which would be an alienation of the premises by the landlord, *Seavey* v. *Cloudman*, 90 Me., 536, and by mutual consent, tenancies at will can only be terminated by either party giving to the other thirty days notice in writing for that purpose, excepting in cases where the tenant, if liable to pay rent, shall not be in arrears at the expiration of the notice, in which case the thirty days notice shall be made to expire on a rent day. R. S. 1916, Chap. 99, Sec. 2.

In this case there was no termination of the tenancy by operation of law or by mutual consent. Nor can the giving of the notice of the increase in rent be held to comply with the statutory requirement. Counsel for the plaintiff does not even so contend, but maintains that the landlord may, during the tenancy, raise the amount of rent, at least if sufficient notice of the purpose so to do be given, so that the tenant may, within the time required by the statute, terminate the tenancy himself.

The relation of landlord and tenant arises by contract, either express or implied. *Little* v. *Libby*, 2 Me., 242 ; *Seavey* v. *Cloudman*, supra. One of the incidents of such contract in this case was the obligation of the tenant to pay rent at the rate of $16.66 a month. So long as the tenancy continued that obligation remained in force and it could not be modified, except by mutual consent. *Duley* v. *Kelley*, 74 Me., 556, 560; *Lamson* v. *Dirigo Fish Co.*, 128 Me., 364, 367. No such consent can be implied by the tenant's exercise of his legal right to occupy the premises.

The plaintiff's counsel has cited numerous authorities in support of his contention that occupation by a tenant at will after notice of an increase in rent raises an implied promise to pay the additional amount. These cases either do not involve tenancies at will with the incidents that attach to them under our laws, or they are cases of occupants holding over after the termination of their tenancies. The decisions are not opposed to the principle which we here announce.

*Exceptions sustained.*