DECISION
This Court previously issued a decision in this matter regarding the tenancy status of Defendant, Thomas Tully. Thereafter, the parties entered an Order whereby the Court retained jurisdiction to determine three specific issues: 1) whether Defendant's tenancy automatically expires on April 30, 1999 without necessity of notice; 2) whether Plaintiff, Paul Zaloumis, can increase Defendant's rent 3) if Plaintiff can increase the rent does Plaintiff have to pay the increased amount during an appeal period; and 4) whether Defendant is entitled to an award for attorney's fees.
 Notice of Termination
In a previous decision, this Court has already determined that under Rhode Island law, Defendant holds the status of a year-to-year tenant Rhode Island statutory law governing notice of termination of a year to year tenancy is sparse. Defendant correctly identifies the only two topically relevant Rhode Island statutes § 34-18.1-4 and § 34-18-37. Section 34-18-37 is not applicable to this situation because it explicitly applies to residential, not commercial leases.
Section 34-18.1-4, is that which the Court cited in partial support of its earlier status determination. This section addresses parol or oral leases. The Plaintiff argues that this section does not apply because the Defendant took possession under a written lease. While this fact is accurate, it is also true that since the expiration of the written lease, in 1985, the parties have made some oral changes to that original lease. Specifically, the Plaintiff has, from time to time, increased Defendant's rent. In this Court's opinion, those oral modifications, after the lease elapsed, are sufficient to appropriately bring this transaction within the purview of §34-18.1-4. Therefore, the since the tenancy rims from April 30 to April 30, the Plaintiff must notify the Defendant by January 30 of any intent to terminate the tenancy. Since three months notice was not given by April 30, 1999, the lease is extended for another year.
The second issue facing this Court is whether the Plaintiff is entitled to increase Defendant's monthly rent.
 Rent Increase
The Plaintiff seeks to unilaterally increase Defendant's rent in the event that Defendant remains in possession of the premises. Plaintiff proposes that the new rent equal $6,000 per month, the amount a third party was willing to pay. The Defendant argues that the critical fact in this matter is that he is lawfully in possession of this property since he was not given sufficient notice to vacate. This being the case, he argues that the Plaintiff cannot unilaterally increase the rent after the year to year term has begun.
The case cited by Plaintiff; Arnold Really Co. v. William K.Tonic Co., 46 R.I. 204, 125 A. 363 (1924), addressed the situation in which the tenant decided to remain on the premises alter receiving notice that such action would result in increased rentArnold and similar cases held that the landlords in those situations were entitled to the air rental value of the premises. However, in this case, Defendant, Tully, is in lawful possession of the property until April 30, 2000. This fact distinguishes it from much of the case law cited by the parties.
In this case there was no termination of the tenancy by operation of law or by mutual consent "The relation of landlord and tenant arises by contact, either express or implied." Ryan v.J.H. Cogan Co., 153 A. 815 (ME, 1931) citing Little v. Libby, 2 Me. (2 Greenl.) 242, 11 Am. Dec. 68. The tenant is obligated to pay the amount of rent to which he agreed. As long as the tenancy continues "that obligation remain[s] and it [cannot] be modified except by mutual consent" Ryan at 816.
Therefore, in this Court's opinion, unless the parties otherwise agree, for the remainder of the lease, the Plaintiff is entitled to $2,500 per month. This amount is that upon which the parties mutually agreed in 1997. Having found that the Plaintiff is entitled only to the agreed upon $2,500 per month renders moot any discussion regarding the Defendant's obligation to increased rent during the pendency period for an appeal.
 Attorney's Fees
Lastly, the Defendant argues that pursuant to the terms of the original 1970 lease, he is entitled to recover reasonable attorney's fees for defending himself in this action. The lease states in relevant part:
 "The LESSOR further covenants and agrees that in case of her failure to adhere to any one or more of the covenants, terms, and/or conditions of this lease, and if it becomes necessary for the LESSEES to enforce their rights under the terms of the lease and/or renewals thereof; thereupon said LESSOR becomes liable for any and all legal fees and costs incurred by the LESSEES as a result of the breach by the LESSOR.
It is a long-standing rule that attorney's fees may not be awarded absent statutory or contractual authorization. Forcierand Reisch v. Woloohojian Realty, 1991 WL 789771 (R.I. Super. 1991) citing Farrell v. Garden City Builders. Inc., 477 A.2d 81, 82 (R.I. 1984) It is equally settled that "where a lessee holds over after the expiration of his term, and becomes a tenant from year to year, the tenancy is subject to all the covenants and stipulations contained in the original lease." Barber v. WatchHill Fire District, 36 R.I. 236 (1914).
The 1970 lease governs the relationship, rights and obligations between these parties. Under this lease, the parties are, in certain circumstances entitled to reimbursement for attorney's fees. However, the situation at hand does not fall within the purview of the above cited lease language. The lease covers situations in which the LESSOR breached the agreement in some manner. While there has been a dispute regarding the parties' tights and obligations, there has been no finding of breach on the part of the LESSOR. Therefore, each party is responsible for his own attorney's fees.
Accordingly, for the aforementioned reasons this Court finds that the Defendant is obligated to continue to pay $2,500 per month for the remainder of the lease period unless the parties otherwise agree. The lease period will terminate on April 30, 2000 provided the Plaintiff gives Defendant at least three months notice.
The attorneys shall prepare the appropriate Order.